412 So.2d 373 (1981)
GREAT AMERICAN BANKS, INC.; Great American Bank of Dade County; and Marvin L. Warner, Petitioners,
v.
DIVISION OF ADMINISTRATIVE HEARINGS, DEPARTMENT OF ADMINISTRATION; Century Banks, Inc.; and Department of Banking and Finance, Respondents.
No. AG-388.
District Court of Appeal of Florida, First District.
November 25, 1981.
Rehearing Denied On Motion for Clarification March 18, 1982.
*374 Eugene E. Stearns of Arky, Freed, Stearns, Watson & Greer, Miami, for petitioners.
C. Gary Williams of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for respondent Century Banks, Inc.
PER CURIAM.
Petitioners seek review of a non-final administrative order requiring the testimony of certain witnesses, requiring the production of documents and imposing sanctions for the failure to comply with the order. Petitioners contend that the testimony and documents were protected and not subject to disclosure on the grounds of attorneyclient privilege and the work product doctrine. They further contend that the hearing officer had no authority to impose sanctions.
*375 We agree that the hearing officer had no authority to impose sanctions. Section 120.58(3), Fla. Stat. provides the exclusive method for the enforcement of a discovery order, even when, as in the instant case, the order is entered after the hearing has begun. The method specified is filing a petition for the enforcement in circuit court, pursuant to § 120.69, Fla. Stat. The circuit court can make a determination of whether the testimony and documents are privileged, and if not, the sanctions to be imposed for the petitioner's failure to comply with the order.
Reversed and remanded for further proceedings consistent with this opinion.
SHAW, JOANOS and THOMPSON, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The Department of Banking and Finance (Department) filed a motion for clarification of several points relating to our prior opinion in this cause. Although the original opinion to which we adhere appears to adequately answer those questions, the Department expresses a doubt that should be eliminated.
The Department's first question involves the application of our earlier opinion to the various sanctions imposed by the hearing officer. The court's opinion applies to the hearing officer's imposition of sanctions for the failure to make discovery and to the hearing officer's imposition of sanctions for the failure of appellant Warner's witnesses to give responsive testimony during the hearing. The enforcement of a subpoena or order by a hearing officer pursuant to § 120.58(3), Fla. Stat. is very similar to the procedure for the enforcement of process orders by a deputy commissioner in a workers' compensation matter pursuant to § 440.33, Fla. Stat. Unfortunately, § 120.58(3) is not nearly as explicit as § 440.33(2), which provides:
If any person in proceedings before the deputy commissioner disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take oath or affirmation as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner shall certify the facts to the court having jurisdiction in the place in which it is sitting, which shall thereupon in a summary manner hear the evidence as to the acts complained of and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court.
The workers' compensation provision clearly sets forth the procedure for enforcement of the acts, orders, and process covered by the law. It is apparent the legislature intended to prescribe a similar method of procedure for the enforcement of process and orders by hearing officers.
Although § 120.58(1)(b) does provide for the swearing of witnesses and the taking of their testimony under oath, the issuance of subpoenas, and the effecting of discovery in the manner provided under the Florida Rules of Civil Procedure, only § 120.58(3) relates to the enforcement of orders of process.
The Department's second question involves the validity of Rules 28-5.208 and 28-5.211, Fla. Admin. Code relating to the issuance of orders and the enforcement of discovery. Rules 28-5.208 and 28-5.211 conflict in certain respects with § 120.58(3). To the extent these rules conflict they are invalid. The rulemaking process cannot be used to make legal that which there was no authority to do in the first place. Some of the parties apparently find fault with the procedure set out in § 120.58(3). But even if we should agree, it is not the prerogative *376 of this court by opinion, or of an agency by rulemaking, to change the law. The proper recourse of those parties is to the legislature which has the sole authority to make or amend a law.
The Department's third and last question is whether this court interprets § 120.58(3) as requiring that the Department wait until the hearing officer's report is received, reviewed, and ruled upon by the Department before seeking enforcement of a ruling on an evidentiary matter. If a party fails or refuses to comply with an order of the hearing officer or a lawfully issued process, the Department can immediately make application to the circuit court for enforcement pursuant to § 120.69(4), Fla. Stat. However, the law does not prohibit the completion of as much of the hearing as possible prior to such application in the circuit court, if this would be more convenient or expeditious. At that time, the Department may promptly apply to the circuit court for enforcement pursuant to § 120.69(4).
SHAW, JOANOS and THOMPSON, JJ., concur.