478 So.2d 1111 (1985)
Carlton HALL, Jr., Appellant,
v.
CAREER SERVICE COMMISSION, Appellee.
No. BA-462.
District Court of Appeal of Florida, First District.
November 13, 1985.
*1112 Thomas W. Brooks of Meyer, Brooks, & Cooper, Tallahassee, for appellant.
Burton M. Michaels, Dept. of Admin., Tallahassee, for appellee.
ERVIN, Judge.
Hall appeals from an order of the Career Service Commission (Commission) denying his motion for extension of time to file attorney's fee affidavits. We reverse and remand.
On May 31, 1984, the Commission orally determined that Hall should be reinstated to his former position of employment with the Department of Highway Safety and Motor Vehicles, and awarded him back pay. This decision was embodied in a written final order on July 18, 1984. On June 11, 1984,[1] appellant's counsel filed a stipulated motion for extension of time for ten days to file attorney's fee affidavits, representing that the Department of Highway Safety and Motor Vehicles had no objection to the same. The motion also represented that the parties would be able to stipulate to a reasonable amount of attorney's fees and costs, thereby obviating the need for any further proceedings before the Commission.
Hall later filed his proposed attorney's fees and costs, and attached to it his affidavit. By letter dated June 22, 1984, the Commission, although acknowledging receipt of the same, stated that the motion for extension of time had been denied by the Commission on June 19, 1984; therefore the documents were not timely filed and could not be considered by it. In its written order denying Hall's stipulated motion for extension of time to file attorney's fee affidavits, the Commission explained that Florida Administrative Code Rule 22M-2.11(2)[2] requires that the employee's attorney submit affidavits in support of the amount and reasonableness of attorney's fees and costs within ten days following the conclusion of the hearing in which the employee is sustained, and it had no power or authority to either waive or extend the ten-day period.
We disagree with the Commission's conclusion. While there is no specific statute or rule authorizing the Commission to entertain motions for extensions of time, the general rule is that an express grant of power to an agency will be deemed to include such powers as are necessarily or reasonably incident to the powers expressly granted. 1 Am.Jur.2d Administrative Law § 73 (1962); cf., Department of Professional Regulation v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 941 (Fla. 1st DCA 1985) ("[Agencies] have rulemaking authority fairly implied from the statutory provisions governing them.").
Agencies are provided general adjudicatory powers by Florida's Administrative Procedure Act, including the parties' rights "to respond, to present evidence and argument on all issues involved... ." § 120.57(1)(b)(4), Fla. Stat. The agency's power to conduct orderly administrative hearings under Chapter 120 necessarily implies the incidental power to grant extensions of time of such proceedings. In addition, the Model Rules of Administrative Procedure, specifically Florida Administrative Code Rule 28-5.204, authorizes an agency to entertain all motions, which, we consider, reasonably includes motions for extensions of time. Finally, we regard section *1113 120.68(12)(b), providing for remand to the agency if the court finds the agency's exercise of discretion to be "[i]nconsistent with an agency rule ... if deviation therefrom is not explained by the agency", as impliedly recognizing in proper cases an agency's deviation from its own rules  in this case  the ten-day period prescribed in Florida Administrative Code Rule 22M-2.11(2). (e.s.) Accordingly, although the Commission possesses discretion to deny a motion for extension of time, it erred in concluding it had no power to entertain such motions.
We have considered this court's prior opinion in Systems Management Association, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980), and we are persuaded that it is distinguishable from the case at bar. In Systems Management, we held that because there is no statute or rule authorizing a hearing officer to entertain a motion for reconsideration in a 120.56 proceeding, any motion so filed would not toll the rendition date of an agency's final order. Therefore, since the appellant in Systems Management failed to file a notice of appeal within 30 days from the rendition of the final order, despite that it was so filed following the entry of the order denying the motion for reconsideration, we concluded that we lacked jurisdiction to entertain the appeal. The distinction between the two cases is obvious: if we had held in Systems Management that the agency possessed the implied power to consider motions for reconsideration filed after an agency's final order, such holding would have had the effect of enlarging the jurisdictional time for filing a notice of appeal, contrary to the provisions of Florida Rule of Appellate Procedure 9.110(b), when no explicit authorization existed for so doing. In the case at bar, the motion for extension of time, filed before the rendition of an agency's final order, in no way impinges upon the jurisdiction of an appellate court. The motion instead is properly utilized as a vehicle to aid administrators in the orderly operation of internal agency practice, thereby providing greater flexibility to them in achieving fair and well-reasoned adjudications.
Reversed and remanded for further proceedings.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Although the record and appellant's brief state that the motion for extension of time was filed on July 11, 1984, we find this to be a misprint since the Commission had already denied the motion on June 19, 1984.
[2] Rule 22M-2.11(2), Florida Administrative Code, states in pertinent part:

Within 10 days of the conclusion of such hearing in which the employee is sustained, the employee or the employee's attorney shall present affidavits or other evidence in support of the amount and reasonableness of the attorney's fees and other costs claimed... .