ERVIN, Judge.
Florida Hospital appeals the final order issued by the Department of Health and *697 Rehabilitative Services (Department), denying its motion to tax costs pursuant to Rule 1.420(d),[1] Florida Rules of Civil Procedure, against Surgicare III (Surgicare). Finding no explicit statutory authority to grant such a motion in an administrative hearing, or any power reasonably implied from the powers explicitly granted to the agency, we are bound by the Department’s ruling and affirm.
In February 1984, Surgicare submitted an application for a certificate of need (CON) to build an ambulatory surgery center. The application was denied, and Surgi-care petitioned for a formal administrative hearing pursuant to Section 120.57(1), Florida Statutes. Florida Hospital was then allowed to intervene in the case as a substantially affected party providing similar services .to those proposed by Surgicare in the same area.
Extensive discovery was conducted by both parties, including that which led to appeals in both circuit and appellate courts. A final hearing lasting ten days was held in 1985. Following the hearing, but prior to the filing deadline for the parties’ proposed orders, Surgicare filed a notice of voluntary dismissal. The hearing officer granted the motion and dismissed with prejudice Surgicare’s petition. Florida Hospital then filed its motion to tax costs pursuant to Rule 1.420(d).
The hearing officer found, and we agree, that there is no authority for the application of Rule 1.420(d) to administrative proceedings. Nor is there any statutory authority under Florida’s Administrative Procedure Act, Chapter 120, which allows for the assessment of costs against a party whose action has been dismissed. The rule is clear “that an express grant of power to an agency will be deemed to include such powers as are necessarily or reasonably incident to the powers expressly granted.” Hall v. Career Service Commission, 478 So.2d 1111, 1112 (Fla. 1st DCA 1985). We cannot glean that any provision of Chapter 120 or other statutory authority reasonably implies the allowance of the costs sought by appellants.
We realize that, had this litigation taken place in a judicial setting, rather than in an administrative setting, Florida Hospital would have been entitled to recover costs from Surgicare. Any relief from the disparity between the procedure afforded litigants in an administrative forum and those in a judicial forum must, however, come from the legislature, not the courts.
AFFIRMED.
WIGGINTON, J. and FRANK, RICHARD H., Associate Judge, concur.

. Rule 1.420 pertains to the dismissal of actions. Subsection (d) provides in pertinent part: "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action."