ON REHEARING
THOMPSON, Judge.
Appellee’s motion for rehearing is treated as a motion for rehearing or clarification. The motion for clarification is granted. Our opinion of August 2, 1989 is withdrawn and the following is substituted therefor. The motion for rehearing on the substituted opinion is denied.
Puckett Oil Company (Puckett) appeals a final order of the State of Florida, Department of Environmental Regulation (DER) denying its application for reimbursement of the costs of cleanup of used oil discharge at its gasoline service station. We reverse.
Puckett owns a full service gasoline station. On June 27,1986 the station operator discovered a discharge of used oil. It was later discovered that the underground storage tank into which the used oil supposedly drained had been removed by a previous owner. Puckett filed an Early Detection Incentive Program Notification Application, reporting the discharge of used oil to DER, notifying DER of its intent to proceed with a voluntary cleanup, and seeking reimbursement for the costs of cleanup.
By order dated April 16, 1987, DER advised Puckett that its site was not eligible for reimbursement under the State Underground Petroleum Environment Response Act of 1986 (Super Act). The Super Act was passed to address environmental problems caused by leaks and spills associated with the storage of petroleum and petroleum products. As a part of the Super Act, the Inland Protection Trust Fund was created to provide state assistance, for a limited period of time, to initiate state funded site cleanups and to provide reimbursement for those parties who have undertaken their own site cleanups. Section 376.3071, Fla.Stat. sets forth the legislative findings, the intent and purpose of the program, the creation of the fund, and the eligibility requirements. The denial of eligibility as to Puckett was based on DER’s position that used oil was not “petroleum” or a “petroleum product” for the purposes of § 376.301(9) or (10), Fla.Stat. Puckett filed a petition for a § 120.57(1) proceeding, alleging that used oil is “petroleum” or “petroleum product” within the meaning of the Super Act and that DER is estopped from denying Super Act reimbursement eligibility for voluntarily reported discharges of used oil. DER admitted in a request for admissions filed in the formal proceedings below that the sole basis for DER’s denial of Puckett’s eligibility for reimbursement was the fact that the substance discharged was “used oil,” which is not “petroleum” or a “petroleum product,” and thus not a proper subject of reimbursement of related cleanup and decontamination expenses.
At the hearing on Puckett’s petition, the sole issue as limited by the pleadings was determination of whether used oil is “petroleum” or “petroleum product” and thus eligible for Super Act reimbursement. The matter came before the hearing officer on September 9 and 10, 1987, and he found that used oil is a “petroleum product” and recommended that the Puckett’s application for eligibility for reimbursement be *722 granted. DER filed three exceptions to the recommended order. These exceptions challenged the hearing officer’s conclusions (1) that used oil is “petroleum” as defined by § 376.301(9), Fla.Stat.; (2) that used oil is a petroleum product as defined by § 376.301(10), Fla.Stat.; and (3) that DER’s interpretation of the definition of “petroleum” and “petroleum product” is not a permissible definition of those terms.
DER entered a final agency order in which it found that under some circumstances used oil was a petroleum product and an applicant could be eligible for reimbursement of cleanup charges voluntarily incurred. The final order found that although used oil could be a petroleum product, the spill for which Puckett sought reimbursement was not eligible because the oil was not being reused or recycled, and that public policy dictated that such oil should not be included in the Super Act iwhen it is simply being discarded. DER also found that reimbursement is limited to sites contaminated from incidents related to storage of petroleum and petroleum products. DER concluded that Puckett was not eligible for reimbursement because Puckett had no storage tank for the used oil and therefore the contamination was not related to the storage of petroleum or petroleum products. It further found that Puckett did not intend to reuse or recycle the used oil, and that although used oil is a petroleum product, Puckett was not eligible for site cleanup coverage because such coverage is limited to used oil which is being stored for recycling as opposed to simply being discarded.
DER’s assertion that Puckett’s eligibility for cleanup reimbursement of the used oil discharge was dependent upon whether storage was involved and whether the used oil would be reused or recycled was never made until the final agency order was entered. These issues were not raised by the pleadings, were not litigated at the hearing, were not considered by the hearing officer, and were not addressed in the hearing officer’s recommended order. In addition, the pleadings reflect that DER was asked in a written request for admission to admit the following: “The department’s only basis for denial of Super Act eligibility for Puckett is that the reported discharge was used oil.” DER admitted that statement. This was the only issue created by the pleadings, and it was the only issue tried and determined by the hearing officer. DER cannot raise and decide for the first time in the final agency order issues not previously raised or considered. The order denying eligibility of Puckett for Super Act cleanup funds is reversed and this cause is remanded to the agency for the entry of a final agency order finding Puckett eligible for cleanup costs under the Super Act.
SMITH and MINER, JJ„ concur.