577 So.2d 988 (1991)
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellant,
v.
PUCKETT OIL COMPANY, INC., Appellee.
No. 90-1426.
District Court of Appeal of Florida, First District.
April 3, 1991.
*990 E. Gary Early, Asst. General Counsel, for State of Fla., Dept. of Environmental Regulation, appellant.
Robert D. Fingar, of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellee.
ERVIN, Judge.
The Department of Environmental Regulation (DER or department) appeals from a summary final order entered by the Division of Administrative Hearings (DOAH or division), assessing against it attorney's fees and costs, pursuant to Section 57.111, Florida Statutes (1989), in favor of Puckett Oil Company, Inc. (Puckett), as a prevailing small business party. We reverse and remand for further proceedings.
Following this court's decision reversing DER's order denying Puckett's eligibility to apply for reimbursement pollution cleanup costs, see Puckett Oil Co. v. Department of Envtl. Reg., 549 So.2d 720 (Fla. 1st DCA 1989), Puckett filed a petition with the DOAH seeking an award of costs and fees as a prevailing small business party. Contrary to the provisions of Florida Administrative Code Rule 22I-6.035(5)(a), requiring that the agency file its response within twenty days after the filing of a petition, DER filed its response twenty-four days later. On the same date, Puckett filed a motion requesting that a summary final order be entered due to DER's failure to file a responsive pleading within the time required by the rule, and it later moved to strike DER's response to its petition because of the untimely filing. On April 16, 1990, the hearing officer entered a summary final order awarding $15,000 in attorney's fees and costs to Puckett. Thereafter, on May 8, 1990, DER moved to vacate the summary final order and submitted an affidavit alleging, inter alia, that the late filing of its response was a result of counsel's mistaken belief that, because Puckett's petition was served upon him by mail, he was entitled to an additional five days' mailing time pursuant to Florida Administrative Code Rule 22I-6.002. Before a ruling was obtained on DER's motion to vacate, the agency filed its timely appeal from the summary final order, and an order was subsequently entered granting Puckett's request to dismiss the motion to vacate on the ground that the filing of the notice of appeal divested the hearing officer of jurisdiction to entertain the motion.
Appellant's primary contention on appeal is that the hearing officer abused his discretion in refusing to vacate the summary final order because the record discloses that its late-filed response was the result of excusable neglect. In support of this argument, it relies upon cases in the civil sector construing the excusable neglect standard applicable to default judgments under Florida Rule of Civil Procedure 1.540(b). Appellee answers, arguing, among other things, that the doctrine of excusable neglect does not pertain to administrative proceedings, because it is not provided for in the Administrative Procedure Act (APA).
We are of the view that it is unnecessary to apply the doctrine of excusable *991 neglect to the case at bar. We agree that the hearing officer correctly ruled he had no jurisdiction to consider the motion to vacate the summary final order once the notice of appeal was filed. Hence he had, under the circumstances, no opportunity to consider appellant's defense of excusable neglect. Cf. Taylor v. Department of Professional Reg., Bd. of Medical Examiners, 520 So.2d 557 (Fla. 1988) (agencies possess inherent authority to correct clerical errors and errors arising from mistake or inadvertence if a request for correction is made within thirty days from the entry of the amended order). Accordingly, we consider only the propriety of the entry of the summary final order.
It is not clear from the order whether it was issued on the ground that the hearing officer considered that he no longer had jurisdiction to entertain the response filed by the agency once twenty days had expired from the filing of the petition for costs and fees, or whether it was entered on the basis that he was granting the then-pending motion to strike. On either theory, the summary final order was erroneous. One of the reasons given in the order was that the rule requiring a response to be filed within twenty days from the filing of a petition employed the word "shall,"[1] which, in the hearing officer's judgment, was mandatory. The hearing officer continued that DER's failure to timely file a responsive pleading constituted a waiver of the agency's opportunity to dispute the petitioner's allegations and thus rendered the petition uncontroverted. Consequently, the hearing officer concluded that there were no genuine issues of material fact as to the allegations asserted in the petition and the supporting affidavits, thus requiring entry of the summary final order.
Clearly rule 22I-6.035(5)(a)'s use of the mandatory term "shall" does not mean that if a response is not filed within the time specified in the rule, the hearing officer no longer possesses jurisdiction to consider a response to a petition for costs and fees. If a provision, though mandatory in terms, is designed simply to further the orderly conduct of business, such provision is generally deemed directory only. See Reid v. Southern Dev. Co., 52 Fla. 595, 42 So. 206 (1906). We do not consider that an untimely response filed in an administrative proceeding should be treated any differently from an untimely answer or other response filed in a civil proceeding. Although the APA does not specifically provide for the entry of default judgments for failure of a party to serve or file a pleading within the prescribed time, or for relief from default judgments,[2] we consider, for the reasons stated infra, that the DOAH has discretion to extend the time for the filing of a responsive pleading, notwithstanding that the particular rule governing the filing of such pleading employs mandatory language as to the time required for a response.
We are of the view that if it was DOAH's intent in adopting rule 22I-6.035(5)(a) to establish a jurisdictional time limitation upon the filing of an agency's responsive pleading to a petition for fees and costs, DOAH has acted in excess of any express or reasonably implied delegated legislative authority. It is well recognized that the powers of administrative agencies are measured and limited by the statutes or acts in which such powers are expressly granted or implicitly conferred. Department of Professional Reg., Bd. of Medicine v. Marrero, 536 So.2d 1094 (Fla. 1st DCA 1988), review denied, 545 So.2d 1360 *992 (Fla. 1989); Florida Dep't of Corrections v. Provin, 515 So.2d 302 (Fla. 1st DCA 1987); Hall v. Career Serv. Comm'n, 478 So.2d 1111 (Fla. 1st DCA 1985); 1 Am.Jur.2d Administrative Law § 73 (1962). In Machules v. Department of Admin., 523 So.2d 1132 (Fla. 1988), the question before the Florida Supreme Court was whether the failure of an employee to file an administrative appeal within twenty days from his employer's determination that he had abandoned his position, as required by Florida Administrative Code 22A-7.10(2), was jurisdictional. In approving Judge Zehmer's dissenting opinion, the supreme court agreed "that the 20-day appeal period is not jurisdictional in the sense that failure to comply is an absolute bar to appeal but is more analogous to statute[s] of limitations which are subject to equitable considerations such as tolling." Machules, 523 So.2d at 1133 n. 2.
Similarly, in the present case, we find no statutory authority, either expressly or reasonably implied therefrom, empowering DOAH to set a jurisdictional time limitation on the right of an agency to respond to a petition for fees and costs. To the contrary, we consider that the division's power to permit a late-filed response is reasonably implied from the very statutes that rule 22I-6.035 referenced as authorizing its adoption: Section 120.57, Florida Statutes (1989), specifically subsection (1)(b)4, authorizing parties "to respond, to present evidence and argument on all issues," and sections 57.111(4)(c) and (d), allowing a state agency against which a small business party has prevailed to oppose an application for attorney's fees and costs by affidavit, and requiring the hearing officer to conduct an evidentiary hearing on the application. Clearly the two statutes, which the rule was designed to implement, imply that the agency shall be given a fair opportunity to defend against an application for fees and costs. We find nothing in the statutes reasonably suggesting that if an agency fails to comply with the time limitations required for its response, a summary final order, regardless of any mitigating circumstances, must thereafter be entered.
While the hearing officer did not explicitly rule on the appellee's pending motion to strike the agency's tardily filed response, it is conceivable that the summary final order may have been so motivated due to the hearing officer's reference in the order to the following earlier orders of DOAH: Heisler v. Department of Professional Reg., Constr. Indus. Licensing Bd., 11 F.A.L.R. 3309 (Fla.Div.Admin. Hearings 1989); Department of Professional Reg., Bd. of Landscape Architecture v. Webster, 11 F.A.L.R. 3016 (Fla.Div.Admin. Hearings 1988); David's Pharmacy v. Department of Health & Rehab. Servs., 11 F.A.L.R. 72 (Fla.Div.Admin. Hearings 1988), in which the division entered orders granting petitions for fees and costs on facts disclosing that the agencies had not filed responses. In circumstances in which no response whatsoever has been filed, the division obviously has the right, in its supervision of orderly administrative proceedings, to conclude that a party has waived his or her right to respond, as more fully discussed infra, and to thereafter enter a summary final order, pursuant to Florida Administrative Code Rule 22I-6.030. In the instant case, however, DER did file a responsive pleading, albeit four days late.
It is an altogether different matter for a hearing officer to exercise his or her discretion to strike a tardily filed pleading as a sanction against a party who fails to comply with the provisions of a procedural rule. We cannot agree that the officer possesses such authority, as applied to the circumstances at bar. In so holding we observe that Article I, Section 18, of the Florida Constitution prohibits an administrative agency from imposing a sentence of imprisonment or any other penalties except as provided by law. Pertinent case law reveals that an agency possesses no inherent power to impose sanctions, and that any such power must be expressly delegated by statute. For example, in Great Am. Banks, Inc. v. Division of Admin. Hearings, Dep't of Admin., 412 So.2d 373 (Fla. 1st DCA 1981), this court held that a hearing officer had no statutory authority *993 to impose sanctions upon a party for the failure to make discovery, and that Section 120.58(3), Florida Statutes, as it then existed, provided the exclusive method of enforcing a discovery order, i.e., by filing a petition for enforcement in the circuit court. We further stated that to the extent that the agency's rules providing for sanctions conflicted with section 120.58(3), they were invalid. Accord Hillsborough County Hosp. Auth. v. Tampa Heart Inst., 472 So.2d 748 (Fla. 2d DCA 1985) (holding that Florida Administrative Code Rule 28-5.211, which purported to allow an agency or hearing officer to dismiss a proceeding or enter a default as a sanction for failure to comply with a procedural order, was invalid).
In 1984 the legislature amended section 120.58(1)(b) to allow a hearing officer to impose sanctions, but such authority was specifically extended only to enforcement of discovery orders. See A Professional Nurse, Inc. v. Department of Health & Rehab. Servs., 519 So.2d 1061, 1064 (Fla. 1st DCA 1988). Nevertheless, the extreme sanction of prohibiting a party from presenting any witnesses or exhibits at the hearing, as a result of a discovery violation, was there found to be overly severe in that the combined effect of the prohibition was as severe as dismissal. Id. See also Division of Admin. Hearings v. Department of Transp., 534 So.2d 1219 (Fla. 1st DCA 1988) (hearing officer correctly determined that Florida Administrative Code Rule 22I-6.037(3) was an invalid delegation of legislative authority for the reason that the DOAH did not possess legislative authority to adopt a rule allowing a hearing officer to impose the sanction of dismissal with prejudice).
The above case law is clear that an agency's authority to impose sanctions must be expressly delegated to the agency. Although the legislature has explicitly conferred such authority in different contexts, i.e., section 120.58(3), imposition of sanctions caused by the violation of discovery orders, and section 120.57(1)(b)5, imposition of "an appropriate sanction," including a reasonable attorney's fee, resulting from a party's failure to comply with the pleading requirements of the statute, we find no statutory authority delegated to the division to impose the sanction of dismissal with prejudice of a tardily filed response to an administrative petition.
In concluding that rule 22I-6.035(5)(a) neither establishes a jurisdictional time limitation for the filing of a responsive pleading to a petition for fees and costs, nor provides authority for the imposition of sanctions in the event of a late-filed response, we do not mean to imply that under appropriate circumstances an agency may not be presumed to have waived its right to respond. But, in order for waiver to be applied based on the passage of time, we consider it essential for a showing to be made that the party against whom waiver is asserted has received notice sufficient to commence the running of the time period within which the response is required. See City of St. Cloud v. Department of Envtl. Reg., 490 So.2d 1356 (Fla. 5th DCA 1986); Henry v. Department of Admin., Div. of Retirement, 431 So.2d 677 (Fla. 1st DCA 1983). Thus, if it is clearly established that a party has received notice informing him or her of the requirement of taking certain action within a specified period of time, and such party delays for a protracted length of time in taking the required action, we consider that the party may be deemed to have waived his or her right to so act. "Waiver, [however,] is not a concept favored in the law, and must be clearly demonstrated by the agency [or other party] claiming the benefit." Henry, 431 So.2d at 680.
Moreover, we note that an administrative rule may liken a party's inaction in the face of notice clearly requiring action within a specified time to default under appropriate circumstances. For example, subsections (a) and (d) of Florida Administrative Code Rule 22T-9.008(5) require that a respondent file its answer with the Florida Commission on Human Relations within 20 days from service of a petition, and that "[i]f a respondent fails to file a timely answer, such failure shall be deemed to constitute an admission of the *994 material facts alleged in the petition." In two pertinent cases involving construction of that rule, however, the Commission, notwithstanding the above mandatory language, agreed with the hearing officer's recommendation that the rule was directory only and that it should not be enforced against a respondent who had failed to file an answer in the absence of any demonstration of prejudice to the petitioner, or without consideration of any evidence of reasons for not complying with the rule. See Arnold v. Burger Queen Sys., 8 F.A.L.R. 3606 (Fla. Comm'n Human Relations 1986), aff'd, 509 So.2d 958 (Fla. 2d DCA 1987); Bates v. School Bd. of Alachua County, 10 F.A.L.R. 4647 (Fla. Comm'n Human Relations 1988). Similarly, in the case at bar, in that there was only a delay of four days in the filing of the response, and no showing was made that the petitioner suffered any prejudice from the delay, we fail to find the existence of any valid ground for applying waiver.
Accordingly, the summary final order entered is REVERSED and the cause REMANDED with directions that the agency be permitted to file its response and that the hearing officer thereafter consider it on its merits.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Florida Administrative Code Rule 22I-6.035(5)(a) provides:

(5)(a) A state agency against which a petition for costs and fees has been filed shall file a response within twenty (20) days of filing of the petition, which shall state whether the state agency seeks an evidentiary hearing and shall specify whether the state agency asserts:
1. That costs and attorney's fees claimed in the affidavit are unreasonable;
2. That the petitioner is not a prevailing small business party;
3. That the agency's actions were substantially justified;
4. That circumstances exist which would make the award unjust; or
5. That the agency was a nominal party only.
[2] Compare Florida Rules of Civil Procedure 1.500 and 1.540.