Larry Strong Acting Secretary Department of Management Services
QUESTION:
1. May the Department of Management Services (DMS) require nonstate agencies using SUNCOM services to reimburse the Communications Working Capital Trust Fund for the service charge which is deducted from payments made into the fund by such nonstate users pursuant to s. 215.20, F.S.?
2. May DMS increase rates for all SUNCOM users to recover the service charges which were deducted from the trust fund during the 1991-92 fiscal year?
3. May DMS increase rates equally for state and nonstate SUNCOM users to cover the cost of the deductions from the trust fund?
4. May DMS impose higher rates on nonstate SUNCOM users to recover the cost of the deductions from the trust fund?
SUMMARY:
 The Division of Communications may implement a billing system which allocates the cost of the service charge deduction to nonstate agencies using SUNCOM. It would not be equitable for state agencies to pay for the service charge, since it is not a cost of providing the service to such agencies. Absent a statutory provision or administrative rule, the division should not seek retroactive reimbursement to recover the service charge from nonstate agencies.
Since your questions are interrelated, they will be answered together.
The statewide communications system (SUNCOM) is created within the Division of Communications of the Department of Management Services to serve state agencies, political subdivisions of the state, municipalities, and specified nonprofit corporations.[1]
The division is authorized to "provide a means whereby political subdivisions of the state may use the state communications system [SUNCOM] upon such terms and under suchconditions as the division may establish."[2] (e.s.) SUNCOM services may also be provided to specified private nonprofit corporations under contract with state agencies or political subdivisions of the state.[3]
As the entity empowered to operate SUNCOM, the division is directed to "develop a system of equitable billings and charges for communication services."[4] Absent a statutory definition, the term "equitable" must be given its plain and ordinary meaning of "[j]ust"[5] or "fair to all concerned."[6] The billing system developed by the division "allocates and/or prorates the SUNCOM Network telephone system direct and indirect costs among the using agencies based upon the service provided."[7]
Payments for the use of SUNCOM are made to the Communications Working Capital Trust Fund.[8] When payments for SUNCOM use by nonstate agencies and entities are deposited into the trust fund, a 7 percent service charge is deducted and deposited in the General Revenue Fund.[9] This service charge represents the estimated pro rata share of the cost of general government paid from the General Revenue Fund.[10] While payments by state agencies for SUNCOM services are exempt from the service charge,[11] the 7 percent service charge is deducted after payments by nonstate agencies are deposited into the Communications Working Capital Trust Fund.[12]
The comprehensive language of "direct and indirect costs" to be included in billing for SUNCOM usage would appear to encompass such costs as the service charge deducted from the Communications Working Capital Trust Fund. The allocation of such costs to nonstate agencies would be equitable in that only those revenues or income from nonstate agencies deposited in the trust fund are subject to the deduction. Given that the payments for SUNCOM use by state agencies are statutorily exempt from the service charge, it does not appear that such a cost may be charged to a state agency.[13]
The authority of an administrative agency is limited by the statute or act in which such powers are expressly granted or implicitly conferred.[14] As noted above, the division has broad powers to implement an equitable billing system based upon an allocated or pro rata share of the costs of providing the service. While such power may include the authority to seek reimbursement of the service charge from nonstate agencies using SUNCOM, there is no indication that the division has promulgated administrative rules integrating such reimbursements into the billing system.[15] In the absence of a properly promulgated rule, it would be advisable to refrain from seeking reimbursement of the service charge on SUNCOM payments.[16]
Accordingly, the Division of Communications may implement a billing system to equitably allocate the cost of providing SUNCOM services to nonstate agencies to reflect the service charge deducted from the Communications Working Capital Trust Fund. Such charges, however, may not be assessed against state agencies using SUNCOM. Nor does it appear advisable to seek reimbursement of service charges for past SUNCOM payments.[17]
[1] Section 282.103(1), F.S., as amended by s. 222, Ch. 92-279, Laws of Florida.
[2] Section 282.102(19), F.S., as amended by s. 220, Ch. 92-279, Laws of Florida.
[3] Section 282.105(1), F.S., as amended by s. 223, Ch. 92-279, Laws of Florida.
[4] Section 282.103(2), F.S.
[5] Black's Law Dictionary 482 (Fifth ed.).
[6] Webster's Third New International Dictionary 769 (unabridged ed. 1981).
[7] Rule 13C-1.005, F.A.C.
[8] See, s. 216.292(7), F.S., as amended by s. 72, Ch. 92-142, Laws of Florida.
[9] See, s. 215.20(1), F.S.
[10] Id.
[11] See, s. 215.22(d), F.S., as amended by s. 9, Ch. 92-142, Laws of Florida.
[12] Cf., s. 215.22, F.S. (1989), which enumerated the trust funds from which the deduction for the service charge authorized in s. 215.20, F.S., was to be made. Section 76, Ch. 90-132, Laws of Florida, however, substantially reworded s.215.22, F.S., to enumerate those trust funds which would be exempt from the service charge. The Communications Working Capital Trust Fund does not appear on either list.
[13] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (where Legislature prescribes how a thing is to be done, it is, in effect, a prohibition against its being done in any other way).See also, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).
[14] See, State, Department of Environmental Regulation v. Puckett Oil Company, Inc., 577 So.2d 988 (1 D.C.A. Fla., 1991).
[15] The Division of Communications notice of SUNCOM user rates for fiscal year 1991-1992, dated September 9, 1991, does not reflect a rate increase or reimbursement charge for the service charge.
[16] This office has been provided a copy of an agreement between the state and a municipality which reflects that the municipality shall be invoiced for its pro rata share of system usage and the administrative costs which shall be consistent with charges to participating state agencies. There is no apparent provision for reimbursement of a service charge.
[17] Cf., s. 10, Art. I, State Const., prohibiting the impairment of contracts.