Mr. Fred O. Dickinson, Jr. Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You have asked the following questions:
1. Is the Department of Highway Safety and Motor Vehicles authorized to adopt policies and rules to administer a private sector law enforcement employment program in which sworn members of the Highway Patrol participate?
2. May the department assess employers of off-duty officers a fee to reimburse the state for the cost of providing and administering the program?
3. May the department receive and disburse secondary private sector wages to its employees who participate in the program?
In sum:
1. Subject to limitations that may be imposed by a collective bargaining agreement, the Department of Highway Safety and Motor Vehicles may adopt policies and rules to administer a private sector employment program for off-duty officers of the Highway Patrol in order to properly manage the force and to ensure that off-duty employment does not interfere with the officers' duties and responsibilities.
2. The cost of providing and administering an off-duty employment program is properly assessed against the private employers for whom the program is operated and should not be borne by the Department of Highway Safety and Motor Vehicles, nor paid from public funds.
3. As a necessary extension of administering the off-duty employment program, the department may receive and disburse private sector wages to its employees who participate in the program.
You have provided background information relative to your questions indicating that abuses in off-duty police employment by state troopers have caused the Department of Highway Safety and Motor Vehicles (department) to reevaluate its role in the management of a program to coordinate such employment. Abuses include troopers exceeding the number of hours permitted to be worked in off-duty employment, failing to report hours worked, and working off-duty jobs while claiming sick time. The most serious transgression, however, involves troopers who receive private pay for off-duty jobs while working their regular shifts with the state. As a result, the department is contemplating taking total control of all secondary police employment.
Also included with your request is a copy of pertinent portions of the collective bargaining agreement affecting state law enforcement personnel. Section 2(B), Article 16 of the collective bargaining agreement provides:
"During the course of the employee's outside employment, an agency may make reasonable inquiries of the employee to ensure that the employee's continued outside employment does not constitute a conflict of interest, or interfere with the employee's primary duties as a State law enforcement officer. Employees shall not be required to file regular reports regarding the outside employment."
While this office may not comment on the terms of the collective bargaining agreement, clearly the contractual obligations of such an agreement are binding on the department.
Question One
Members of the Florida Highway Patrol (FHP) are designated conservators of the peace and law enforcement officers of the state, with the common-law right to arrest persons who, in the presence of the arresting officer, commit a felony or a breach of the peace constituting a misdemeanor.[1] The FHP officers, however, carry out their duties and powers "under the direction and supervision of the Department of Highway Safety and Motor Vehicles. . . ."[2]
Section 321.02, Florida Statutes, authorizes the department to "set up and promulgate rules and regulations by which the personnel of the Florida Highway Patrol officers shall be examined, employed, trained, located, suspended, reduced in rank, discharged, recruited, paid and pensioned, subject to civil service provisions hereafter set out." (e.s.) Moreover, the department is empowered and directed to make civil service rules governing the employment and tenure of all members of the Highway Patrol.[3] Thus, the department is given broad powers to direct and supervise FHP officers.
Generally, the express grant of a power to an administrative agency includes all powers necessarily or reasonably incident to the power specifically granted.[4] In this instance, the department's broad powers to direct and supervise FHP officers and to promulgate rules and regulations to govern the officers' employment would necessarily include the authority to ensure that off-duty employment does not interfere with the officers' duties and responsibilities. As full-time state law enforcement officers, FHP officers are effectively subject to carrying out law enforcement functions twenty-four hours per day.[5]
It would appear necessary, therefore, to coordinate off-duty employment in a manner such that it does not adversely affect the officers' ability to fulfill their obligations as employees of the department. Moreover, the department appropriately controls the off-duty use and visibility of the uniform and vehicles identifiable with the FHP.[6]
Accordingly, it is my opinion that the department may adopt policies and rules, recognizing its current obligations under the collective bargaining agreement, to administer a private sector employment program for off-duty FHP officers in order to properly manage the force and to ensure that off-duty employment does not interfere with the officers' responsibilities and duties as FHP employees.
Question Two
As concluded in Question One, the provision and administration of an off-duty employment program in which FHP officers provide services to private entities or individuals allows the department to effectively assure that the officers perform their duties and responsibilities. Moreover, in Attorney General Opinion 90-61, this office noted that the department's policies governing off-duty employment include requirements that officers using department vehicles during approved off-duty employment provide liability insurance and reimburse the department for all mileage placed on the vehicle during off-duty use. In the same manner, the expenses and costs associated with the provision of an off-duty employment program should be assessed against the private employers who receive the benefit of such a program.[7]
While the department may point to a public purpose of ensuring the effectiveness and reliability of the Highway Patrol by administering the off-duty employment program, I must conclude that the private party or parties for whom the off-duty services are provided must be responsible for paying the full costs associated with the program.
Therefore, it is my opinion that the entire cost of providing and administering an off-duty employment program by the Department of Highway Safety and Motor Vehicles may be properly assessed against the private employers receiving the benefits of such a program and should not be borne by the department, nor paid from public funds.
Question Three
In light of the conclusions to Questions One and Two, the maintenance of the payroll system would be a practical and logical extension of the implementation and administration of the off-duty employment program by the department. As noted in Question Two, however, the expense of maintaining the payroll system should be included in the fees or charges paid by the private employers and should not be subsidized by public funds.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See,s. 321.05, Fla. Stat.
[2] Id.
[3] See,s. 321.06, Fla. Stat.
[4] See, Hall v. Career Service Commission, 478 So.2d 1111
(Fla. 1st DCA 1985).
[5] Cf.,Op. Att'y Gen. Fla. 90-61 (1990) (assignment of department vehicles to off-duty personnel for use on or off duty provides quicker response when called back to duty or to emergency situations).
[6] See, Department of Highway Safety and Motor Vehicles, Florida Highway Patrol, Policy No. 5.10, effective February 1, 1996 (Revised September 1, 1996): stating the policy of the department to allow secondary employment that does not conflict with primary job assignments (s. 5.10.02); requiring permission for such employment (s. 5.10.06A.1.); requiring members to wear the patrol uniform, except with the troop commander's permission (s. 5.10.06); and allowing use of the vehicle assigned to the individual (s. 5.10.06D.1.b.). And see,s. 321.02, Fla. Stat., providing that officers of the highway patrol are required to wear a prescribed uniform and emblem and that motor vehicles used by the patrol are painted in statutorily prescribed colors that may not be used or similarly copied by any other person on a vehicle.
[7] See, Art. VII,s. 1, Fla. Const., impliedly limiting the imposition of taxes and expenditure of tax revenues to public purposes, and Art. VII, s. 10, Fla. Const., prohibiting the state or counties or any agency thereof from giving, lending, or using its taxing power or credit to aid any private interest or individual. See also, Ops. Att'y Gen. Fla. 90-8 (1990), 73-222 (1973) and 71-28 (1971).