IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

March 27, 2019


VIRGINIA CRARY,              )
                             )
            Appellant,       )
                             )
v.                           )        Case No.  2D17-3540
                             )
TRI-PAR ESTATES PARK AND     )
RECREATION DISTRICT, an independent )
special taxing district,     )
                             )
            Appellee.        )
_____)


BY ORDER OF THE COURT:


        Appellee's motion for clarification is granted.  The prior opinion dated

January 4, 2019, is withdrawn, and the attached opinion is issued in its place.

Appellee's motion for rehearing is denied.  No further motions for rehearing or

clarification will be entertained.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



_____
MARY ELIZABETH KUENZEL, CLERK

VIRGINIA CRARY, )
)
      Appellant, )
)
v. )    Case No. 2D17-3540
)
TRI-PAR ESTATES PARK AND )
RECREATION DISTRICT, an independent )
special taxing district, )
)
      Appellee. )
_____ )

Opinion filed March 27, 2019.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Craig C. Crary of the Law Office of Craig C.
Crary, P.A., Sarasota, for Appellant.

David L. Boyette and Jason T. Gaskill of
Adams and Reese LLP, Sarasota, for
Appellee.

SILBERMAN, Judge.

      This appeal presents the legal question of whether Tri-Par Estates Park

and Recreation District, an independent special taxing district, has the authority to

enforce rules and regulations promulgated by its Board of Trustees governing the use of

its facilities. We answer this question in the negative because Tri-Par's charter does not

provide for the enforcement of its rules and regulations and there are no other

legislative enactments that confer such power.  We therefore reverse the final summary judgment entered in Tri-Par's favor.

Tri-Par is an age fifty-five and older deed-restricted community of mobile homes with facilities or common areas including a pool, spa, clubhouse, recreation hall, exercise room, laundry room, and shuffleboard courts.  Tri-Par is also an independent special taxing district that was incorporated into a park and recreation district in 1978 by special act.  See ch. 78-618, § 1, Laws of Fla.  Tri-Par's charter was amended by the legislature in 2001 and is now codified in chapter 2001-343, Laws of Florida ("the Enabling Act").

Tri-Par conducts its business through its Board of Trustees, and the Enabling Act provides the Board powers that include the following:

> Section 15.  The trustees shall supervise all real and personal property owned by the district, and shall have the following powers in addition to those already herein enumerated:
>
> . . . .
>
> (g)  To promulgate reasonable rules and regulations governing the use of the facilities of the district.
> (h)  To use district funds in the administration and enforcement of the deed restrictions as filed in the Sarasota County public records for properties within the district.

Ch. 2001-343, § 15.  The Enabling Act also contains the following provision regarding the Board's authority to adopt rules and regulations:

> Section 17.  A record shall be kept of all meetings of the board of trustees and in such meetings a concurrence of a majority of said trustees shall be necessary to any affirmative action taken by the board.  Said trustees may adopt such rules and regulations, not inconsistent with any portion of this act, as it may deem necessary or convenient

in and about the transaction of its business and in carrying out the provisions of this act.

Ch. 2001-343, § 17 (emphasis added).

In 1999, Tri-Par recorded a Declaration of Covenants, Conditions and Restrictions ("Deed Restrictions") in Sarasota County. In 2006, Tri-Par recorded an amendment to the Deed Restrictions which conferred on the Board the following additional authority:

> 22. In addition to other powers and duties of the Board of Trustees in the administration and enforcement of the deed restrictions and the Rules and Regulations, the Board of Trustees <u>or a committee designated by the Board of Trustees</u> shall have <u>all the powers and duties necessary and/or convenient for levying reasonable fines against property owners and their licensees, invitees or other occupant(s) of the mobile homes who fail to comply with any provision of the deed restrictions or properly promulgated rules of the community</u>. . . .

(Emphasis added.) In 2015, the Board promulgated Rules and Regulations that, in Item 5.08, specifically provide the Board authority to revoke lot owners' access to the facilities or common areas for rules violations. Item 5.08 also provides those accused of rules violations the right to a hearing before a quorum of the Board or its Executive Committee.

In September 2016, Tri-Par filed a declaratory judgment action against lot owner Virginia Crary in which it asserted that Crary had repeatedly violated its Rules and Regulations and refused to recognize Tri-Par's enforcement authority. Tri-Par eventually obtained a final summary judgment providing, in pertinent part, that

> (iii) Tri-Par is entitled to enforce the provisions in the Deed Restrictions, the Enabling Act and the rules and regulations promulgated by the Board of Trustees;

(iv) the enforcing authority of Tri-Par includes the right to suspend common area use rights; and
(v) the enforcement authority of Tri-Par includes the authority to levy fines against lot owners and their licensees, invitees or other occupants of the mobile homes. . . .
(vi) the rules promulgated by Tri-Par establish a due process procedure by which anyone subject to enforcement can have a hearing before representatives of the trustees.

Crary recognizes the Board's authority to promulgate its Rules and Regulations. However, Crary argues that the Board does not have the authority to enforce its Rules and Regulations because that power was not conferred by the legislature in the Enabling Act. Tri-Par argues the Enabling Act implicitly provides enforcement authority. Tri-Par alternatively argues that both the Rules and Regulations and the Deed Restrictions explicitly provide the Board enforcement authority. We conclude that the Enabling Act does not provide for the enforcement of Tri-Par's Rules and Regulations. We also conclude that the Rules and Regulations and the Deed Restrictions do not confer enforcement authority on Tri-Par and the Board because they were not enacted by the legislature.

Because Tri-Par is a special taxing district created by the legislature, its powers are limited to those granted by the legislature. See Bd. of Comm'rs of Jupiter Inlet Dist. v. Thibadeau, 956 So. 2d 529, 532 (Fla. 4th DCA 2007). Moreover, article I, section 18, of the Florida Constitution precludes such an administrative agency from imposing a prison sentence or "any other penalty except as provided by law." See Op. Att'y Gen. Fla. 83-92 (1983) (quoting art. I, § 18, Fla. Const.). And the term "by law" means a legislative enactment and not an act by the district's governing authority. Art. I, § 18, Fla. Const.; see also Broward County v. La Rosa, 484 So. 2d 1374, 1376 n.3 (Fla. 4th DCA 1986), approved, 505 So. 2d 422 (Fla. 1987); Op. Att'y Gen. Fla. 83-92. The

- 4 -

legislative enactment does not have to expressly confer authority on the administrative agency; instead, "an agency has the power to take actions that are 'necessarily or reasonably incident to the powers expressly granted' in a statute." Robinson v. Dep't of Health, 89 So. 3d 1079, 1082 (Fla. 1st DCA 2012) (quoting Hall v. Career Serv. Comm'n, 478 So. 2d 1111, 1112 (Fla. 1st DCA 1985)).

The legislative enactment that grants Tri-Par's authority as a taxing district is the Enabling Act. And while the Enabling Act grants the Board the power to promulgate rules and regulations, it does not provide the power to enforce the rules and regulations. Cf. § 418.22(8), Fla. Stat. (2016) (providing a recreation district created under section 418.20 the power "[t]o adopt and enforce rules for the use of the recreational facilities owned or operated by the district"). Since the Enabling Act has not made any provision for the enforcement of the Rules or Regulations, Tri-Par and the Board do not have enforcement authority. See Op. Att'y Gen. Fla. 83-92.

The Enabling Act is analogous to the charter in opinion 83-92 which the Attorney General ("AG") construed as not providing a Park and Recreation District the authority to enforce its own rules and regulations. See id. In opinion 83-92, the district's board of trustees sought to use the city's police department and the county court to enforce the district's rules and regulations governing the use of its facilities. Id. In order to determine the extent of the board's authority to delegate enforcement of its rules and regulations, the AG looked to the board's charter.

The AG noted that the charter authorizes the board to promulgate rules and regulations regarding the use of its facilities but that it "makes no provision for enforcement, does not expressly authorize the district's governing board to enforce such

- 5 -

rules, and does not prescribe any penalties for the violation of such rules and regulations."  Id.  In the absence of any such provisions, the AG opined that article I, section 18, of the Florida Constitution, prohibits the board or any other governmental unit from imposing penalties for violations of its rules and regulations.  Id.

Like the charter in opinion 83-92, the Enabling Act provides for the promulgation of Rules and Regulations but does not expressly authorize or make any provision for enforcement and does not prescribe any penalties for the violation of those Rules and Regulations.  Thus Tri-Par is prohibited by article I, section 18 from imposing penalties for the violation of its Rules and Regulations.

Tri-Par argues that section 15(h) of the Enabling Act implicitly provides enforcement authority because it authorizes Tri-Par "[t]o use district funds in the administration and enforcement of the deed restrictions."  However, section 15(h) provides for enforcement of Tri-Par's Deed Restrictions; it does not mention enforcement of Tri-Par's Rules and Regulations.

Tri-Par alternatively argues that the Rules and Regulations and Deed Restrictions explicitly provide the Board enforcement authority.  However, the Rules and Regulations and Deed Restrictions are not legislative enactments.  Absent legislation providing enforcement authority, the Board is without the authority to provide for the assessment of penalties.  See Dep't of Envtl. Regulation v. Puckett Oil Co., Inc., 577 So. 2d 988, 991-92 (Fla. 1st DCA 1991) (holding that DOAH did not have the authority to adopt a rule setting a jurisdictional time limitation on the right of any agency to respond to a petition for fees or costs); La Rosa, 484 So. 2d at 1377 (holding that Broward County lacked the authority to adopt an ordinance authorizing an

- 6 -

administrative agency to issue cease and desist orders and assess penalties for illegal discrimination).

In conclusion, the Enabling Act does not provide for the enforcement of Tri-Par's Rules and Regulations, either explicitly or implicitly. Instead, the enforcement power provided by the Act is limited to the enforcement of Tri-Par's Deed Restrictions. Furthermore, neither Tri-Par's Rules and Regulations nor its Deed Restrictions constitutes a legislative enactment conferring such power. Accordingly, the trial court erred in determining that Tri-Par has the authority to enforce its Rules and Regulations and in setting forth the scope of that authority by looking outside of the Enabling Act. The final summary judgment is therefore reversed and remanded.

Reversed and remanded.

CASANUEVA and MORRIS, JJ., Concur.