ZEHMER, Chief Judge.
Carolyn Nickens and Taylor Care Center appeal from the Department of Health and Rehabilitative Services’ final order denying their petition for formal administrative hearing. We agree that the Department erred in denying the petition and reverse.
This case originated from an adult abuse complaint filed pursuant to chapter 415, Florida Statutes, against Taylor Care Center and Carolyn Nickens, the administrator of the center. According to the allegations appearing in Appellants’ petition for formal administrative hearing, the abuse complaint was investigated by the Department which issued a report stating, “... some indication of physical and/or psychological injury, negligent [sic] or exploitation was present....” The petition also alleges that the report named Nickens as a “significant other.” The petition alleges that Appellants’ substantial interests have been affected by the Department’s action in effectively determining an alleged adult abuse incident at the center to be “indicated” and in naming Nickens as a “significant other.” The petition sets forth disputed issues of material fact and alleges as ultimate fact that Appellants are not perpetrators of adult abuse and that the Department unlawfully rendered a de facto finding of indicated abuse.
*1161 In its final order, the Department recognized three possible classifications arising from an abuse complaint under chapter 415, and concluded in the instant ease that the classification was formally “closed without classification,” as authorized in subsection 415.103(3)(c)2., Florida Statutes (1991). Under that alternative, the Department explained, the report is retained for 7 years in order to facilitate tracking of either the name of the alleged victim or of the facility. The Department observed that disqualification from licensure or from employment in positions of special trust is not triggered by a report denominated as closed without classification, and emphasized the confidential nature of the report. The Department also recognized that in cases where an investigation leads to a proposed confirmed report, there are two levels of administrative review that do not exist for a decision to close the report without classification. It noted that a decision to dose a case without classification is not a finding of abuse or neglect, and concluded that Appellants were not entitled to an administrative hearing to contest the decision to close the report without classification.
Prior to 1991, subsection 415.103(3)(e) provided that “[u]pon completion of its investigation, the designated aging and adult services district staff of the department, shall classify reports either as ‘confirmed,’ ‘indicated,’ or ‘unfounded.’ ” At such time, according to the statute, the department was to notify the alleged perpetrator of the completion of the investigation of the report, the classification of the report, and the right to request amendment or expunction of the case record and all identifying information in the central abuse registry and tracking system. See § 415.103(3)(e)2., Fla.Stat. (1989). However, through the course of revisions in 1990 and 1991, section 415.103 was amended to delete the classification of “indicated report” and to provide that “[u]pon completion of its investigation, the department shall classify reports as ‘proposed confirmed’ or ‘unfounded,’ unless the report is closed without classifieation....” See § 415.103(3)(c)2., Fla.Stat. (1991).[1] The statute also provides that only in the case of an unfounded report or of a proposed confirmed classification is the alleged perpetrator given notice of the Department’s action. In the case of reports closed without classification, the statute provides only that such reports shall be indexed by the name of the aged person or disabled adult and the institution or facility at which the abuse, neglect, or exploitation occurred, “to detect patterns of abuse, neglect, or exploitation.” See § 415.103(3)©, Fla.Stat. Each report closed without classification under this subsection is maintained by the Department for a period of 7 years.
Based on the foregoing statutory changes, Appellants argue that the language in the instant report finding an indication of abuse is improper. Appellants urge that the Department cannot avoid this problem simply by closing the indicated report with a finding that the report is without classification. They maintain that this results in a de facto indication of abuse remaining in the Department files without Appellants’ being provided an opportunity to contest the finding (as would have been their prerogative under the 1989 statute), thereby affecting their substantial interests. They emphasize that under subsection 415.103(3)©, the record will remain in the Department files for 7 years, thus maintaining a semi-permanent file by which the Department can later tie their names to an indication of abuse.
The Department counters by arguing that Appellants have not shown in the record where the Department made the contested statement and in what context. Noting that such reports are confidential, to which Appellants would have no access, and that the record does not contain any evidence that an indicated report was issued, the Department argues that this court cannot conclude that its decision to deny the request for administrative review was not based on the evidence or was a misconception of the law.
The Department argues alternatively that its decision to deny the request for hearing was justified in any event because the report *1162 was closed without classification and, consequently, the Appellants’ substantial interests were not affected. It submits that while proposed confirmed reports are subject to levels of review, chapter 415 does not provide for similar review of reports closed without classification because those reports do not contain a finding of abuse or neglect.
We conclude that Appellants have alleged sufficient facts which, if true, would entitle them to an administrative hearing. The Department’s argument that Appellants cannot claim they were informed of the contents of the report because section 415.103 authorizes the Department to close a report without classification, while maintaining it as confidential, begs the question of whether that closed report actually contains the matter alleged in Appellants’ petition for hearing. Certainly, if the allegations in the petition are true and Nickens’s name does appear in the report contrary to the statute, she would be entitled to have that portion of the report expunged. The Department’s argument that Appellants’ substantial interests are not involved since the report is confidential, is patently illusory because it has admitted that it keeps the report for 7 years to allow for tracking of the nursing home and the alleged victim to discover patterns of abuse. While that report may be confidential to those not connected with the Department, the Department itself has access to the records and the names contained therein for purposes of detecting “patterns of abuse, neglect, or exploitation,” as provided in subsection 415.-103(3)(f). Were we to approve the Department’s argument, it would be able to hide behind its veil of statutory confidentiality while continuing to, in effect, issue indicated reports of abuse.[2]
The Department’s final order is reversed, and the cause is remanded for a hearing.
JOANOS and WEBSTER, JJ., concur.

. The 1990 revision of subsection 415.103(c)2. deleted the term "indicated” and added the classification of "indicated-perpetrator undetermined.” See Ch. 90-50, § 2, at 104, Laws of Fla. However, that phrase was short-lived, along with its notice requirement, and was deleted by the 1991 revision in chapter 91-57, section 2, at 422, Laws of Florida.

. Section 415.103 contains requirements to give notice to persons involved in reports classified as either "proposed confirmed" or "unfounded,” but omits all requirements of notice in respect to reports "closed without classification.” The legislature should address this omission so long as the Department is statutorily authorized to retain on file for 7 years information on abuse that is adverse to the persons involved.