649 So.2d 930 (1995)
COASTAL PETROLEUM COMPANY and Almeria T. Cottingham, Anne M. Clark, Helen T. Kerr, Hugh C. MacFarlane, William W. Arnold and Charles E. Arnold, Appellants,
v.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellee.
No. 94-219.
District Court of Appeal of Florida, First District.
February 9, 1995.
Robert J. Angerer, Tallahassee, for Coastal Petroleum Co.
Susan W. Fox and Charles W. Pittman of MacFarlane, Ausley, Ferguson & McMullen, Tampa, for intervenors.
Robert A. Butterworth, Atty. Gen., Denis Dean and Jonathan A. Glogau, Asst. Attys. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Coastal Petroleum Company (Coastal) and other interested persons appeal from a final order denying Coastal's application for a permit to drill a gas and oil exploration well. Because the appellee Department of Environmental Protection (the department)[*] was without authority to require security from Coastal in addition to its payment into the Petroleum Exploration and Production Bond Trust Fund (the fund), we reverse.
Pursuant to an oil and gas lease executed in 1947 and a settlement agreement executed in 1976 between Coastal and the State of Florida, Coastal has the exclusive right to explore for and produce oil and gas from certain submerged sovereignty lands of the state located in the Gulf of Mexico. In the original drilling lease, Coastal agreed to assume "responsibility for all damages caused by [its] operations," and in the 1976 settlement agreement Coastal further agreed to "secure permits from all state environmental protection agencies in compliance with the then existing laws and regulations."
Coastal submitted an application for a permit to drill an oil and gas exploration well upon leased lands. The department advised Coastal that it would be required to provide acceptable security of a value of $515,000,000 *931 as a condition precedent to issuance of the permit. This amount was based upon the estimated cleanup costs and damages to the state's natural resources that would result from a spill. Coastal elected to join the fund as a means of providing security and paid the $4000 annual fee specified by section 377.2425(1)(b), Florida Statutes. Under protest, Coastal unsuccessfully endeavored to satisfy the department's additional security requirements. The department issued a final order denying Coastal's permit, stating that the application did not adequately ensure the protection of the state's coastal and marine resources. Proceedings under section 120.57(2), Florida Statutes, resulted in a final order affirming the permit denial.
Relying upon the well established principle that the powers of administrative agencies are measured and limited by the statutes or acts in which such powers are expressly granted or implicitly conferred, e.g., State Dept. of Envtl. Regulation v. Puckett Oil, 577 So.2d 988, 991 (Fla. 1st DCA 1991), the appellants correctly argue that the final order must be reversed because the department acted without authority and contrary to legislative intent when it required security in excess of the annual fund fee. Section 377.2425, entitled "Manner of providing security for geophysical exploration, drilling and production," requires an applicant seeking a permit for geophysical operations "to provide surety that these operations will be conducted in a safe and environmentally compatible manner." The statute then provides two methods to comply with this requirement. Under 377.2425(1)(a) an applicant may provide a deposit of cash or other securities, a surety bond, or an irrevocable letter of credit. Alternatively, under 377.2425(1)(b):
An applicant for a drilling, production, or injection well permit, or a permittee who intends to continue participating in longterm production activities of such wells, has the option to provide surety to the department by paying an annual fee to the Petroleum Exploration and Production Bond Trust Fund. For an applicant or permittee choosing this option the following shall apply:
1. For the first year, or part of a year, of drilling production, or injection well permit, or change of operator, the fee is $4000 per permitted well.
(Emphasis added.) Nothing in section 377.2425 suggests that the department can require additional security when an applicant has paid into the fund. Indeed, the clear and unambiguous language of the statute reveals a legislative intent that payment of the annual fund fee should be accepted as fully satisfying the security requirements for a drilling permit. When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning. See Savona v. Prudential Ins. Co. of America, 648 So.2d 705 (Fla. 1995).
Nevertheless, the department points to sections 376.121 and 376.40(6), Florida Statutes, and to the language in the original drilling lease as authority for requiring additional security. But these statutory and contractual provisions, which indicate that Coastal will be responsible for damages caused by its drilling operations, do not suggest that the department has authority to require security greater than that specified in section 377.2425(1)(b).
Accordingly, the final order is reversed and the case is remanded.
BARFIELD and KAHN, JJ., concur.
NOTES
[*] Pursuant to Chapter 93-213, Laws of Florida, the Department of Environmental Protection is the successor agency to the Department of Natural Resources. Some of the actions attributed herein to the Department of Environmental Protection were actually performed by the Department of Natural Resources.