ZEHMER, Chief Judge.
We reverse the order of the Department of Health and Rehabilitative Services that closed “without classification” the report alleging that G.A was guilty of child abuse and remand with directions to expunge the report.
G.A. received notification from the Department that it was classifying as “proposed confirmed” a report that he had sexually abused a niece living with him and requested that the report be expunged. The Department denied that request and G.A., pursuant to section 415.504(4)(d), Florida Statutes (Supp.1994), was given an evidentiary hearing in accordance with section 120.57(1), Florida Statutes (1993), “to contest whether the record of the report should be amended or expunged.” The agreed issue to be decided at that hearing was whether the allegations that G.A was guilty of abuse or neglect of a minor child were supported by a preponderance of the evidence and the report and his name should be expunged from the Florida Protective Services System. The hearing officer found the evidence insufficient to establish the alleged child abuse and recommended entry of a final order expunging the report. The Department accepted the findings of fact but, explaining that certain findings of fact “are cause for concern,” determined to close the report “without classification” rather than expunge the report as recommended. See § 415.504(4)(c)2, Fla. Stat. (Supp.1994). The evident purpose of this decision was, as explained in the final order, to facilitate tracking pursuant to section 415.504(4)(f).[1]
When confronted with the allegations of child abuse, G.A. was entitled to a section 120.57(1) evidentiary hearing. See § 415.504(4)(d), Fla.Stat. (Supp.1994); Nick-ens v. Florida Dept. of Health and Rehabilitative Services, 633 So.2d 1160 (Fla. 1st DCA 1994). The purpose of the section 120.57(1) hearing was to adjudicate the sufficiency of the evidence gathered by the Department to substantiate the allegations of child abuse made against G.A and to determine whether the report should be expunged as requested in his petition. The hearing officer found the evidence insufficient and, as the Department does not contest that finding, it is bound by it. M.J.B. v. Department of Health and Rehabilitative Services, 543 So.2d 352 (Fla. 5th DCA 1989). Having been presented with this adjudication of the facts, the Department was required either to reject the hearing officer’s ruling on the facts for lack of eviden-tiary support after a complete review of the record or, accepting the hearing officer’s findings, to classify the report as “unfounded” and expunge it as requested in G.A.’s petition. Once the sufficiency of the reported allegations had been submitted to a section 120.57(1) evidentiary hearing at the request of the alleged abuser, the Department could not thereafter avoid an adverse adjudication in that proceeding merely by determining to close the report “without classification.” Since G.A. was factually exonerated of the abuse charge in the section 120.57 hearing, he was entitled to have the report expunged pursuant to the statute.
Accordingly, the final order is reversed and this cause is remanded with directions to expunge the report of abuse as being unfounded.
REVERSED AND REMANDED.
ALLEN and DAVIS, JJ., concur.

. That section provides:
Reports closed without classification shall be indexed only by the name of the child, the child’s siblings, or other minor household members, and by the institution or facility, if appropriate, to detect patterns of abuse or neglect. Each report shall be maintained by the department for a period of 7 years after the date the report is closed and is subject to the confidentiality provisions in s. 415.51.