Ms. Linda Rubens, Chairwoman Statewide Human Rights Advocacy Committee 1317 Winewood Boulevard Building 1, Room 401 Tallahassee, Florida 32399
Dear Ms. Rubens:
You have asked substantially the following questions:
1. Must a person be a client of the Department of Children and Family Services at the time an incident occurs for the Statewide Human Rights Advocacy Committee to have the authority to investigate whether such person's constitutional or human rights were violated?
2. Is the alleged perpetrator of abuse considered a client of the Department of Children and Family Services during the investigation of the alleged abuse or neglect?
3. Is the child who is the subject of alleged abuse or neglect a client of the Department of Children and Family Services, when no other services or care are provided by the department other than the investigation?
4. If the alleged perpetrator has been reported to an abuse hot line, the investigation has been concluded, and the case is closed, does the advocacy committee have the authority to investigate the initial handling of the case at the request of the alleged perpetrator?
In sum:
1. The Statewide Human Rights Advocacy Committee's statutory authority to investigate alleged violations of constitutional or human rights is limited to clients of the Department of Children and Family Services.
2. and 3. Chapter 415, Florida Statutes, does not make the perpetrator or an allegedly abused or neglected child a client of the Department of Children and Family Services when no other service or care, other than the investigation, is provided by the department.
4. In light of the answers to the preceding questions, there is no authority for the Statewide Human Rights Advocacy Committee to review the department's investigation of reported child abuse at the request of the alleged perpetrator.
Question One
The Statewide Human Rights Advocacy Committee (committee) was created in the former Department of Health and Rehabilitative Services, now known as the Department of Children and Family Services[1] (department) to serve as "an independent third-party mechanism for protecting the constitutional and human rights ofany client within a program or facility operated, funded,licensed, or regulated by the Department of Health andRehabilitative Services."[2] (e.s.) The committee also monitors by site visits and inspection of records the delivery and use of services, programs, or facilities operated, funded, regulated or licensed by the department in order to prevent abuse or deprivation of clients' human or constitutional rights.[3]
Section 402.165(8)(a), Florida Statutes (1996 Supplement), in part, provides that
"[i]n the performance of its duties, the Statewide Human Rights Advocacy Committee shall have:
1. Authority to receive, investigate, seek to conciliate, hold hearings on, and act on complaints which allege any abuse or deprivation of constitutional or human rights of clients." (e.s.)
Thus, the statute limits the authority of the Statewide Human Rights Advocacy Committee to investigate whether clients of the former Department of Health and Rehabilitative Services have had their constitutional or human rights violated. As a statutorily created entity, the committee has only such power as expressly or by necessary implication is granted by the legislative enactment, and may not extend its jurisdiction beyond its statutory authority.[4]
Accordingly, it is my opinion that the Statewide Human Rights Advocacy Committee's authority to investigate whether there has been a violation of constitutional or human rights is limited to clients of the Department of Children and Family Services.
Questions Two and Three
Chapter 415, Florida Statutes, provides for the reporting and investigation by the Department of Children and Family Services of child abuse and abuse of aged persons and disabled adults. Section 415.504(1), Florida Statutes (1996 Supplement), states that any person[5] who knows, or has reasonable cause to suspect, that a child is an abused, abandoned, or neglected child must report such knowledge to the department. Subsection (2) of the statute requires that each report of known or suspected child abuse or neglect, except those solely under section 827.04(3), Florida Statutes,[6] be made to the department's central abuse hotline.
The department is required to establish and maintain a 24-hour central abuse hotline to receive all reports made under this section.[7] When a report of child abuse is received by the hotline, it must be determined if an immediate onsite protective investigation is required.[8] If it appears that the immediate safety or well-being of a child is endangered, that the family may flee, or that the child will be unavailable for purposes of conducting a child protective investigation, an investigation must commence immediately. Otherwise, the investigation is required to be commenced within 24 hours after receipt of the report.[9]
If it is determined that the child needs immediate or long-term protection, such services must first be offered for voluntary acceptance by the child's parents or other person responsible for the child's welfare. If those services are refused, or it is determined that the child's needs so require, then the department may take the child into protective custody or petition the court as provided in Chapter 39, Florida Statutes.[10] In instances where there has been a report of institutional child abuse, the department must notify the human rights advocacy committee in the district "in which a client of the department is alleged or shown to have been abused or neglected[.]"[11]
Clearly, the statute recognizes a distinction between children who are clients of the department and those who are not, by authorizing the department to take a child into custody under specified circumstances and requiring notification to the committee when a child is a client of the department. There is no indication in Chapter 415, Florida Statutes, that the reporting of an alleged abuse or neglect of a child or the ensuing investigation by the department automatically makes the child a client of the department. Likewise, nothing in the chapter makes the perpetrator of abuse a client of the Department of Children and Family Services. Moreover, this office has been advised by the Department of Children and Family Services that it does not consider the subject child or the alleged abuser a client of the department.
It is my opinion, therefore, that neither the perpetrator nor the allegedly abused or neglected child is a client of the Department of Children and Family Services when no other service or care, other than the investigation, is provided by the department.
Question Four
As discussed above, the Statewide Human Rights Advocacy Committee's authority to investigate complaints of abuse or deprivation of constitutional or human rights is limited by statute to the investigation of clients of the Department of Children and Family Services. Thus, there is no authority for the alleged perpetrator of the abuse to initiate an investigation by the committee of the manner in which the investigation of abuse was conducted by the department.[12]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 5, Ch. 96-403, Laws of Florida, redesignating the Department of Health and Rehabilitative Services as the Department of Children and Family Services, and s. 8, Ch. 96-403, Laws of Florida, creating the Department of Health. While this opinion relates to the clients of the Department of Children and Family Services, to the extent any program in the Department of Health is subject to review by a district or the Statewide Human Rights Advocacy Committee, the conclusions reached herein would apply.
[2] Section 402.165(7), Fla. Stat. (1996 Supp.).
[3] See, s. 402.165(7)(b), Fla. Stat. (1996 Supp.).
[4] See, Coastal Petroleum Company v. State Department ofEnvironmental Protection, 649 So.2d 930 (Fla. 1st DCA 1995),review denied, 660 So.2d 712 (Fla. 1995), and Gregory v. IndianRiver County, 610 So.2d 547 (Fla. 1st DCA 1992).
[5] Section 415.504(1), Fla. Stat. (1996 Supp.), enumerates, but does not limit, its application to a:
"(a) Physician, osteopath, medical examiner, chiropractor, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons;
(b) Health or mental health professional other than one listed in paragraph (a);
(c) Practitioner who relies solely on spiritual means for healing;
(d) School teacher or other school official or personnel;
(e) Social worker, day care center worker, or other professional child care, foster care, residential, or institutional worker; or
(f) Law enforcement officer[.]"
[6] Section 827.04(1), Fla. Stat. (1996 Supp.), makes it a misdemeanor for any person to cause or encourage a child to become a delinquent or dependent child or child in need of services.
[7] Section 415.504(4)(a), Fla. Stat. (1996 Supp.).
[8] Section 415.504(4)(b), Fla. Stat. (1996 Supp.). Section 415.505(1)(b), Fla. Stat. (1996 Supp.), provides that an onsite child protective investigation must determine: the composition of the family and pertinent personal data; whether there is any indication of child abuse, neglect or abandonment, and the person responsible; the immediate and long-term risk to each child in the family or household; and the necessary services to safeguard and ensure the child's well-being.
[9] Section 415.505(1)(a), Fla. Stat. (1996 Supp.).
[10] See, s. 39.421(1)(c), Fla. Stat. (1996 Supp.), providing that a child may be taken into custody "[p]ursuant to an order of the circuit court based upon sworn testimony before or after a petition is filed under s. 39.436."
[11] Section 415.505(2)(d), Fla. Stat. (1996 Supp.).
[12] I note that an individual who is the subject of an investigation for alleged abuse or neglect has administrative remedies that may be pursued to review the department's actions and findings. See, G.A. v. Department of Health and RehabilitativeServices, 21 Fla. L. Weekly D869 (Fla. 1st DCA April 12, 1996) (individual confronted with allegations of child abuse entitled to section 120.57(1), Fla. Stat., evidentiary hearing). And see,Nickens v. Florida Department of Health and RehabilitativeServices, 633 So.2d 1160 (Fla. 1st DCA 1994), cert. denied,Florida Department of Health and Rehabilitative Services v.Nickens, 645 So.2d 451 (Fla. 1994) (nursing home and its administrator alleged sufficient facts which, if true, would entitle them to administrative hearing to contest decision of department to close adult abuse report without classification, even though report was confidential under statute).