350 So.2d 544 (1977)
Robert A. PETERSON, Petitioner,
v.
The STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL REGULATION, Respondent.
No. GG-394.
District Court of Appeal of Florida, First District.
October 5, 1977.
Howard S. Rhoads of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, Fort Myers, for petitioner.
Carole Haughey and William P. White, Jr., Tallahassee, for respondent.

ON MOTION TO DISMISS
MILLS, Acting Chief Judge.
The Department of Environmental Regulation (Department) entered an order adverse to Mr. Peterson. He filed a notice of appeal with the Environmental Regulation Commission (Commission) and filed a petition for review with this court. The Department has moved to dismiss the petition filed here because Mr. Peterson has not exhausted the administrative remedy of appeal to the Commission. We agree and grant the motion to dismiss.
Section 403.171, Florida Statutes (1975), enacted in 1967, provides that "Any party aggrieved by any action of the department may seek appropriate judicial review".
Section 403.121(3), Florida Statutes (1975), enacted in 1967, provides that every order of the department is reviewable only in accordance with the Administrative Procedure Act.
In 1975, by Section 20.261(3), Florida Statutes (1975), the legislature created the Commission and by Section 403.804(1), Florida Statutes (1975), provided that "The commission shall also act as an adjudicatory body for final actions taken by the department, except for those appeals and decisions authorized in ss. 20.261(12) and 253.76".
*545 Subsequently, after public notice and hearing, the Department adopted rules governing appeals of its final orders to the Commission. Section 120.53(2)(b), Florida Statutes (1975). The rules were published by the Secretary of State and are set forth in Chapter 17-1, Part III of the Florida Administrative Code. Section 120.55(1)(b), Florida Statutes (1975).
The provisions of Sections 403.171 and 403.121(3), and 403.804(1) are inconsistent. If possible, we must construe the inconsistencies so as to reconcile them. Wiggins v. State, 101 So.2d 833 (Fla. 1st DCA 1958). Otherwise, we must resolve the inconsistencies in favor of the last expression of the legislative will. Cable-Vision, Inc. v. Freeman, 324 So.2d 149 (Fla. 3d DCA 1976).
The inconsistencies of Sections 403.171 and 403.121(3), and 403.804(1) can be reconciled by construing them to provide for judicial review of final agency action after review of the action by the Commission. This construction also gives effect to the last expression of the legislature. We so construe them.
Having so construed Sections 403.171, 403.121(3) and 403.804(1), the review action by the Commission must be exhausted before judicial review can commence here. Phillips v. Santa Fe Community College, 342 So.2d 108 (Fla. 1st DCA 1977).
The Department's motion to dismiss is granted.
SMITH and ERVIN, JJ., concur.