519 So.2d 1061 (1988)
A PROFESSIONAL NURSE, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and St. Mary's Hospital and Bethesda Memorial Hospital, Appellees.
No. BQ-23.
District Court of Appeal of Florida, First District.
January 27, 1988.
*1062 Thomas M. Beason and Donna H. Stinson of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., Tallahassee, for appellant.
Douglas P. Manson and Segundo J. Fernandez of Oertel & Hoffman, P.A., Tallahassee, for appellees St. Mary's Hosp. and Bethesda Memorial Hosp.
Theodore E. Mack, Asst. Gen. Counsel, Department of Health and Rehabilitative Services, for appellee State of Fla., Department of Health and Rehabilitative Services.
SHIVERS, Judge.
A Professional Nurse, Inc. (APN) appeals a final order of the Department of Health and Rehabilitative Services (Department), adopting the Hearing Officer's denial of APN's application for a certificate of need. We reverse the order and remand for a new hearing.
APN originally applied for a certificate of need to operate a home health agency serving Okeechobee County (District IX) in September of 1984. APN's application was batched with twelve other applications, including those of the appellees/intervenors, St. Mary's Hospital and Bethesda Memorial Hospital. Certificates of need were issued by the Department to appellees and four of the other applicants, but were denied to APN and the remaining applicants. On March 20, 1985, APN filed a petition for a formal administrative hearing on the denial of its application. St. Mary's and Bethesda were granted leave to intervene, and the proceeding was consolidated with nine other cases from the original batch. Seven of the nine cases were either voluntarily dismissed or settled, leaving the instant case consolidated with the petition of St. Lucy Home Health Agency, Inc. (the existing home health care agency in District IX) challenging the Department's proposed grant of a certificate of need to Buckhead Ridge Nursing Services. Neither St. Lucy nor Buckhead are parties to the instant appeal.
After a prehearing conference on August 8, 1985, a hearing was set to begin on October 28, 1985, and the Hearing Officer established the following discovery schedule and deadlines: (1) all parties were required to exchange preliminary witness lists, exhibit lists and CON updates no later than September 11, 1985; (2) all parties were required to exchange final witness lists, exhibit lists, and CON updates no later than September 30, 1985; (3) all discovery was to be completed by October 11, *1063 1985, absent further order of the Hearing Officer; and (4) prehearing stipulations were to be filed no later than October 18, 1985 (by order dated October 18, the deadline was extended to October 23). With the exception of the Department, who was granted thirty days, all other parties were required to respond to discovery requests within twenty-one days.
On August 1, 1985, appellees served their first set of interrogatories to APN, asking it, among other things, to identify each witness and expert witness to be called at the hearing. APN filed an answer on September 5, 1985, stating that its witnesses had not yet been identified and that its case was "being prepared." On September 13, 1985, appellees served APN with a second set of interrogatories, along with a request to produce documents. When it had not received a response by October 16, appellees filed a motion to compel, and on October 17 the Hearing Officer entered an order directing APN to comply with the discovery request within five days. Meanwhile, APN had mailed its answers to the second set of interrogatories, along with a list of one witness and nine exhibits, but these were not received by appellees and the Department of Administrative Hearings until October 17. On October 23, APN filed an addendum naming three more witnesses. The request for production was apparently never complied with.
On October 15, 1985, Associated Home Health Agency, Inc. (one of the petitioners who was later voluntarily dismissed or settled) moved to dismiss APN's petition or to bar it from presenting testimony at the hearing, on the ground that APN's failure to file preliminary or final witness lists had rendered Associated unable to conduct any discovery with regard to APN. On October 23, 1985, APN filed a motion for continuance of the hearing, on the basis of a pending challenge to the Department's proposed Rule 10-5.11(14), Florida Administrative Code, establishing the Department's need methodology with regard to home health agency applications. Petitioner Boca Raton Community Hospital had unsuccessfully moved for a continuance on the same grounds, on August 28, 1985. The hearing in the rule challenge was held on September 24, 1985; however, an order had not yet been issued at the time of APN's motion to continue.
Prior to the beginning of the hearing on October 28, 1985, both the motion for sanctions against APN and the motion for continuance were argued. Finding that APN had committed several discovery violations, the hearing officer held that it would be prohibited from presenting any testimony or evidence at the hearing. The motion for continuance of the hearing was denied.
On March 12, 1986, proposed Rule 10-5.11(14) was declared invalid. Home Health Services, Inc. v. Department of Health and Rehabilitative Services, 8 FALR 1510 (March 12, 1986). On June 25, 1986, the Hearing Officer entered a recommended order stating that since APN had offered no evidence in support of its application, it had failed to sustain its burden of proof of entitlement to licensure. The recommended order also denied Buckhead's application, finding that it had failed to establish any unmet need for home health services in Okeechobee County. APN filed exceptions to the sufficiency of the hearing on sanctions and, on September 17, 1986, the Department entered a final order rejecting the exceptions and adopting the Hearing Officer's recommended findings of fact and conclusions of law.
APN raises two issues for the court's consideration on appeal, both of which we find to be meritorious. First, APN argues that the sanctions imposed by the Hearing Officer for its discovery violations were erroneous. A threshold question to this issue is whether a hearing officer has authority to impose sanctions for failure to comply with discovery orders. We find that such authority does exist; however, we agree with APN, and reverse. In Great American Banks, Inc. v. Division of Administrative Hearings, 412 So.2d 373 (Fla. 1st DCA 1981), we held that the Hearing Officer had no authority to impose sanctions, and that, under 120.58(3), Florida *1064 Statutes,[1] the exclusive method of enforcing a discovery order was to file a petition for enforcement in the circuit court, pursuant to section 120.69. On motion for clarification filed by the Department of Administrative Hearings, we held that to the extent that Rules 28-5.208 and 28-5.211, Florida Administrative Code conflicted with section 120.58(3), these rules were invalid. See also Hillsborough County Hospital Authority v. Tampa Heart Institute, 472 So.2d 748 (Fla. 2d DCA 1985), finding Rule 28-5.211 to be invalid to the extent that it proposed to allow an agency or hearing officer to dismiss a proceeding or enter default as a sanction for failure to comply with a procedural order, based on the holding in Great American Banks.
In 1984, the Legislature amended section 120.58(1)(b) to specifically allow a hearing officer to impose sanctions in order to effect discovery.[2] Therefore, our opinion in Great American Banks is inapplicable here. Nonetheless, we reverse on this issue.
In the October 18, 1985 order granting appellee's motion to compel, the Hearing Officer ordered APN to answer appellee's second set of interrogatories and to comply with its request for production within five days (or by October 23, 1985). At the time the order was issued, APN had already answered the second set of interrogatories (received by DOAH and appellees on October 17), listing one witness and six exhibits, and later filed an addendum (received by DOAH on October 21), listing three additional witnesses. Both the answers and the addendum, therefore, were filed and received within the Hearing Officer's October 23 deadline. Although it does appear that APN failed to comply with the request for production, we find that the extreme sanction of prohibiting APN from presenting any witnesses or exhibits at the hearing was overly severe. While the Hearing Officer did not issue an order dismissing the case, the combined effect of the prohibitions against APN was as severe as dismissal, in light of the fact that the denial of APN's application for CON was based on its failure to have presented any evidence and, therefore, its failure to sustain its burden of proof. For that reason, we believe that the case law holding dismissal to be an appropriate sanction only in the most exceptional cases is applicable here, and find that the imposition of sanctions in this case was an abuse of discretion. See Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
Second, APN argues that the Hearing Officer erred in denying its motion to continue the hearing until after the determination of the validity of proposed Rule 10-5.11(14). Even assuming arguendo we had affirmed on Issue I, we would have found reversal to be necessary on the basis of this issue. In Department of Health and Rehabilitative Services v. Johnson & Johnson Home Health Care, Inc., 447 So.2d 361 (Fla. 1st DCA 1984), this court affirmed an order determining HRS Rule 10-5.11(14), establishing the Department's need methodology with regard to home *1065 health agency applications, to be invalid. HRS subsequently promulgated a proposed new Rule 10-5.11(14), and several parties filed challenges to its validity. At the time of the October 28 hearing in the instant case, the hearing challenging the proposed rule had been held, but a ruling had not yet been released. At the October 28 hearing, the Department presented evidence demonstrating a need for the proposed project, using a variant of proposed Rule 10-5.11. Petitioner Buckhead also utilized a variant of Rule 10-5.11(14) to demonstrate need for a home health agency in Okeechobee County. On March 12, 1986, the proposed rule was found to be invalid. Two months later, the Hearing Officer entered the recommended order in the instant case, rejecting both the Department's and Buckhead's methodologies, and concluding that there was no unmet need for home health services in Okeechobee County.
A similar situation occurred in Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services, 496 So.2d 147 (Fla. 1st DCA 1986). In that case, petitioner Upjohn sought a 120.57 hearing challenging the denial of its application for CON. Prior to the hearing, this court found the Department's need methodology for home health agencies to be invalid in Johnson & Johnson. Since the Department had not yet adopted a new rule, it presented no evidence of methodology at the Upjohn hearing. Upjohn's expert, however, presented evidence of need using four different methodologies. The Hearing Officer rejected all four of Upjohn's methodologies and, formulating his own, concluded that no need existed and denied the application for a CON. In reversing, this court held that by implementing the Hearing Officer's version of need methodology used in the recommended order, the Department had effectively abdicated its role of promulgating rules and minimum standards for the issuance of CONs, and had improperly delegated its authority to the Hearing Officer. In keeping with our holding in Upjohn, we find that APN is entitled to a hearing based on a valid methodology conforming to the requirements of section 381.494, Florida Statutes.
Accordingly, the final order of the Department is reversed, and the matter is remanded for rehearing.
REVERSED and REMANDED.
ZEHMER, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.
NOTES
[1] At the time of the court's opinion in Great American Banks, section 120.58(1)(b), Florida Statutes provided as follows:

(b) An agency or its duly authorized presiding officer or a hearing officer has the power to swear witnesses and take their testimony under oath, to issue subpoenaes upon the written request of any party or upon its own motion, and to effect discovery on the written request of any party by any means available to the court and in the manner provided in the Florida Rules of Civil Procedure.
Section 120.58(3) provided:
An agency may seek enforcement of a subpoena or order directing discovery issued upon the authority of this act by filing a petition for enforcement, pursuant to s. 120.69, in the circuit court of the judicial circuit wherein the person failing to comply with the subpoena or order resides. A failure to comply with an order of the court shall result in a finding of contempt of court.
[2] Section 120.58(3) was also amended in 1984 to read:

An agency may seek enforcement of a subpoena, or order directing discovery, or order imposing sanctions issued under the authority of this act by filing a petition for enforcement in the circuit court of the judicial circuit in which the person failing to comply with the subpoena or order resides. A failure to comply with the order of the court shall result in a finding of contempt of court.