PER CURIAM.
Following their completely successful defense of an administrative proceeding brought by the Department of Insurance (the Department), appellees, The Administrators Corporation (TAC) and Charles N. Zalis, were awarded attorney’s fees pursuant to the Florida Equal Access to Justice Act, § 57.111, Florida Statutes (1989) (the Act), which provides as follows:
(b)l. To apply for an award under this section, the attorney for the prevailing small business party must submit an itemized affidavit to the court which first conducted the adversarial proceeding in the underlying action, or to the Division of Administrative Hearings which shall assign a hearing officer, in the case of a proceeding pursuant to chapter 120, which affidavit shall reveal the nature and extent of the services rendered by the attorney as well as the costs incurred in preparations, motions, hearings, and appeals in the proceeding.
2. The application for an award of attorney’s fees must be made within 60 days after the date that the small business party becomes a prevailing small business party.
(c) The state agency may oppose the applicant for the award of attorney’s fees and costs by affidavit.
(d) The court, or the hearing officer in the case of a proceeding under chapter 120, shall promptly conduct an evidentia-ry hearing on the application for an award of attorney’s fees and shall issue a judgment, or a final order in the case of a hearing officer. The final order of a hearing officer is reviewable in accordance with the provisions of s. 120.68. If the court affirms the award of attorney’s fees and costs in whole or in part, it may, in its discretion, award additional attorney’s fees and costs for the appeal.
*1361 1. No award of attorney’s fees and costs shall be made in any case in which the state agency was a nominal party.
2. No award of attorney’s fees and costs for an action initiated by a state agency shall exceed $15,000.
On appeal, the Department contends that it was improperly denied a hearing prior to the fee award, and that, in any event, ap-pellees were not entitled to fees.
First, we note that the Act, by its terms, leaves it up to the state agency to make a determination whether or not to oppose the application for fees, and further provides that such opposition may be made by simply filing an affidavit. § 57.111(4)(b)l. The Act directs the hearing officer to “promptly conduct an evidentiary hearing.” § 57.111(4)(d).
In the present case TAC and Zalis each filed a fee petition shortly after the time for appeal of the final administrative order in their favor had expired. The petitions were assigned to the same Division of Administrative Hearings hearing officer who heard the underlying matter and took extensive evidence on the issues raised therein. The Department made an appearance in the fee proceeding, but filed no affidavit or other paper stating its opposition to the petitions. Approximately two and a half months after the Department made its appearance, TAC and Zalis moved for a summary final order, setting out in some detail their positions. According to TAC and Zal-is, Rule 221-6.035, Florida Administrative Code, establishes a procedure to be followed by a hearing officer in administering The Act. Rule 221-6.035 provides in pertinent part:
(4) The state agency shall either admit to the reasonableness of the fees and costs or file a counter affidavit along with its response. The counter affidavit shall specify each item of costs and fees in dispute.
(5)(a) A state agency against which a petition for costs and fees has been filed shall file a response within twenty (20) days of filing of the petition, which shall state whether the state agency seeks an evidentiary hearing and shall specify whether the state agency asserts:
1. That costs and attorney’s fees claimed in the affidavit are unreasonable;
2. That the petitioner is not a prevailing small business party;
3. That the agency’s actions were substantially justified;
4. That circumstances exist which would make the award unjust; or
5. That the agency was a nominal party only.
(b) When a state agency relies upon any of the grounds listed in (a), it shall state the facts supporting its position with particularity.
TAC and Zalis argued that since the Department failed or refused to file a response to either petition, the Department accordingly waived its right to raise any defense, and by implication, admitted the allegations contained in the fee petitions.
In the face of appellees’ motions seeking summary disposition, the Department still did not file the affidavit contemplated by § 57.111(4)(c). Rather, the Department filed a response, arguing that the attorneys for the various parties had met to discuss the matter, the hearing officer had scheduled the matter for hearing, and that the burden would be on TAC and Zalis to show entitlement to fees. This response quite clearly does not contest any of the factual allegations made by TAC and Zalis in their fee petitions, nor does it raise any qualifying or contrary factual allegations. At no time did the Department ask for additional time to file an opposing affidavit or other paper.
Upon this procedural background, the hearing officer entered a final order providing that both TAC and Zalis are parties entitled to protection under the Act, that the Department waived its right to raise any defense available to a state agency under the Act, and that TAC and Zalis made a sufficient showing of entitlement to an award, based upon their petitions and affidavits.[1] The hearing officer went on to *1362 award $15,000 attorney’s fees to both TAC and Zalis.[2]
We reject the proposition advanced by the Department that the hearing officer was required to conduct a formal evidentia-ry hearing, despite the absence of any response from the Department controverting the factual matters raised in fee petitions and supporting affidavits.
The rules of the Division of Administrative Hearings contain a procedure for summary final orders:
221-6.030 Summary Final Order.
(1) Any party to a proceeding in which a hearing officer of the Division has final order authority may move for summary final order, whenever there is no genuine issue as to any material fact. The motion may be accompanied by supporting affidavits. All other parties may, within seven days of service, file a response in opposition, with or without supporting affidavits.
(2) A party filing a motion for summary final order later than twelve days before the final hearing waives any objection to the continuance of the final hearing.
The rule itself makes clear that a motion for summary final order may be filed whether or not a final hearing has been scheduled by the hearing officer. Thus, the Department’s contention that the attorneys had met to discuss the matter, and the hearing officer had actually scheduled a hearing, has no bearing on the propriety of the summary final order.
The Act directs the hearing officer to promptly conduct an evidentiary hearing on the application for fees, but this requirement must be read in light of the accompanying right of the affected state agency to oppose the application for fees and costs. Where the state has elected not to oppose the application for fees, it would make no sense to require the. time and expense of a formal administrative hearing simply to determine facts as to which no issue has been made. Indeed, we believe that the thrust of § 57.111(4)(d) is to require the prompt resolution of the fee dispute when a small business party has borne the initial expense of costs and fees in successfully defending an administrative action brought by a state agency. The issuance of a final order, based upon the unrefuted factual matters raised by TAC and Zalis, even though no formal final hearing was conducted, does not in any way thwart the aims of the Act.
In State, Department of Environmental Regulation v. Puckett Oil Co., 577 So.2d 988 (Fla. 1st DCA 1991), the agency filed a response to a § 57.111 petition for costs and fees four days late. The hearing officer held that he was constrained by Rule 22I-6.035(5)(a) to disregard the late response and grant the petition. In reversing, this court pointed out that the provision of the rule requiring the agency to file a response to a petition for costs and fees within twenty days was directory rather *1363 than mandatory, giving the hearing officer authority to consider untimely responses. Significantly, in view of the present facts, this court went on to conclude that in circumstances in which no response is filed, the hearing officer has the right to conclude that a party has waived its right to respond and thereafter enter a summary final order.
We hold that the hearing officer followed an allowable procedure in adjudicating the fee petitions. The fee awards in the present case were not issued as sanctions against the Department for tardy filings, but to cover, in part, out of pocket costs and fees incurred by the successful small business party. The hearing officer analyzed the situation and determined that the Department waived its right under both the Act and the administrative rule to contest the applications.
We decline to hold that a state agency may properly ignore the provisions contained in the Act and the administrative rule for opposing an application, and then, after the fact, insist upon an evidentiary hearing. This ruling, which amounts to upholding a default against a state agency, is not made lightly. We specifically observe the ease with which the state could have made the filings required to oppose these fee applications.
The hearing officer awarded $15,-000 in fees to each appellee. A review of the evidence before the hearing officer clearly indicates that counsel submitted but one bill, and this bill was submitted to TAC. The TAC bill for legal services is attached to both TAC’s petition for fees and to the petition filed by Zalis. There is no indication in the record that the award to Zalis is based upon anything other than legal services rendered to TAC. While TAC is entitled to the benefit of the summary final order procedure, it does not follow that a double recovery can be had, simply because two parties were named as respondents in the underlying administrative proceeding. The Department’s administrative proceeding, initiated in the form of an order to show cause, names Zalis in his capacity as Chief Executive Officer of TAC. TAC argues, however, that the Department proceeded against Zalis individually, and not merely against him in his capacity as a corporate representative. Thus a material dispute exists not only as to whether identifiable legal services were actually rendered to Zalis individually, but as to the very nature of Zalis’ status in the underlying proceeding. We therefore reverse the fee award to Zalis, and remand this matter to the hearing officer for further proceedings on the questions of Zalis’ status, and his share, if any, of the reasonably incurred fees.
Affirmed in part, reversed in part and remanded for further proceedings.
MINER, WOLF and KAHN, JJ., concur.

. These findings are set out as follows in the order:
*1362 7. No response by Respondent to either the Petition for Costs and Fees filed by The Administrators Corporation or the Petition for Costs and Fees filed by Charles N. Zalis has ever been filed in this cause even in the face of the Motion for Summary Final Order based upon Respondent’s failure to respond. Accordingly, this matter is decided on the basis of the petitions filed in these consolidated causes, together with the documentation attached to those petitions, Petitioners' Motion for Summary Final Order, together with the documentation attached to that motion, and Respondent’s Response to Motion for Summary Final Order. Since the Respondent has failed to controvert or dispute any of the factual allegations contained within those pleadings, there is no factual allegation in dispute in these consolidated causes.
8. Petitioners are small business parties as defined by Section 57.111, Florida Statutes. By virtue of the Final Order entered in DOAH Case No. 89-5981, Petitioners are prevailing small business parties in an administrative proceeding pursuant to Chapter 120 initiated by a state agency. The actions of Respondent both in initiating and in pursuing the Order to Show Cause filed in DOAH Case No. 89-5981 were substantially unjustified, and no special circumstance exists which would make unjust the award of attorney’s fees and costs to Petitioners in these consolidated causes.

. The maximum award of attorney’s fees and costs under the Act is limited to $15,000. § 57.-11 l(4)(d)2. Appellees' affidavits showed total fees of over $57,000, which the hearing officer found to be "reasonable and necessary.”