687 So.2d 1376 (1997)
Mary J. HILL, Appellant,
v.
DIVISION OF RETIREMENT, Appellee.
No. 96-3784.
District Court of Appeal of Florida, First District.
February 25, 1997.
D. Carlton Enfinger, Tallahassee, for Appellant.
Stanley Danek, Tallahassee, for Appellee.

ORDER DISCHARGING ORDER TO SHOW CAUSE
BENTON, Judge.
On November 1, 1996, we issued an order to show cause directing appellant to show why her appeal from an order entered by the State Retirement Commission in the Division of Retirement, Department of Management Services, should not be dismissed. Upon consideration of her response to the order to show cause, we are persuaded that the order to show cause should be discharged.
The order to show cause expressed a concern which, upon reflection, we find misplaced in the context of review of agency action authorized by Florida Rule of Appellate Procedure 9.190 and section 120.68, Florida Statutes (Supp.1996). The body of our order to show cause recited:
This case involves an appeal from a nonfinal order styled an "Order of Dismissal" in which the State Retirement Commission merely grants the Division of Retirement's motion to dismiss. Upon the court's own motion, the appellant is ordered to show cause no later than November 18, 1996, why this appeal should not be dismissed as an appeal from a nonfinal, nonappealable order. See Board of County Comm'rs of Madison County v. Grice, 438 So.2d 392, 394 (Fla.1982)("An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is"), citing Gries Investment Co. v. Chelton, 388 *1377 So.2d 1281 (Fla. 3d DCA 1980). See also Fla. R.App. P. 9.110(m). The failure of the appellant to comply timely with this order may result in the imposition of sanctions, including dismissal of the appeal. Rule 9.410, Florida Rules of Appellate Procedure.
Perceiving no need to reiterate here the intricacies of what does and does not constitute a final order in a civil proceeding in circuit court, we write briefly to describe the essential attributes of reviewable final orders entered under the Administrative Procedure Act.
Although the State Retirement Commission's order was entered before revisions to the Administrative Procedure Act took effect on October 1, 1996, the revised Act applies to the extent it changes only "the `means and methods' by which an administrative determination is rendered." Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc., 683 So.2d 609, 614 (Fla. 1st DCA 1996). Two principal consequences flow from the finality of agency action. Under Florida Rule of Appellate Procedure 9.190(b), review of final agency action begins with the filing of a notice of appeal, in accordance with Florida Rule of Appellate Procedure 9.110(c), instead of with the filing of a petition for review of a preliminary, procedural, or intermediate order, in accordance with Florida Rule of Appellate Procedure 9.100(b) and (c). See generally Baillie v. Department of Natural Resources, 632 So.2d 1114, 1116 n. 3 (Fla. 1st DCA)(describing same practice under prior rules), review denied, 642 So.2d 1362 (Fla.1994).
Review of final agency action taken under the Administrative Procedure Act is, moreover, a matter of right. "A party who is adversely affected by final agency action is entitled to judicial review." § 120.68(1), Fla. Stat. (Supp.1996). On the other hand, immediate review of a preliminary, procedural, or intermediate agency action or ruling is available only "if review of the final agency decision would not provide an adequate remedy." § 120.68(1). Fla. Stat. (Supp.1996). Under Florida's constitution, "[d]istrict courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const.
"[T]he final order in a proceeding which affects substantial interests must be in writing and include findings of fact, if any, and conclusions of law separately stated." § 120.569(2)(j), Fla. Stat. (Supp.1996). An agency has not rendered a final order until it is "filed with the agency clerk." § 120.52(7), Fla. Stat. (Supp.1996); Charter Medical-Southeast, Inc. v. State, Dep't of Health and Rehabilitative Servs., 495 So.2d 759 (Fla. 1st DCA 1986). Rendition is similarly defined by Florida Rule of Appellate Procedure 9.020(h). See Franchi v. Florida Dep't of Commerce, Div. of Employment Sec., Bd. of Review, 375 So.2d 1154 (Fla. 4th DCA 1979). "The clerk shall indicate the date of filing on the order." § 120.52(7), Fla. Stat. (Supp. 1996).
Final agency action may take the form of an order whether "affirmative, negative, injunctive, or declaratory" in tenor. § 120.52(7), Fla. Stat. (Supp.1996). A final agency order may articulate jurisdictional boundaries; require a party to cease or desist; grant, suspend, or revoke a license; impose an administrative penalty; deny an evidentiary hearing; or deny substantive relief of various kinds. A final order may or may not dismiss a petition for hearing or some other pleading. Its finality depends on whether it has brought the administrative adjudicative process to a close. "The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order...." Prime Orlando Properties, Inc. v. Department of Bus. Regulation, Div. of Land Sales, Condominiums, and Mobile Homes, 502 So.2d 456, 459 (Fla. 1st DCA 1986). Accord Middlebrooks v. St. Johns River Water Management Dist., 529 So.2d 1167 (Fla. 5th DCA 1988); Peterson v. State Dep't of Envtl. Regulation, 350 So.2d 544 (Fla. 1st DCA 1977).
In its order in the present case, the State Retirement Commission dismissed a petition on res judicata grounds without a hearing, citing Thomson v. Department of Environmental Regulation, 511 So.2d 989 (Fla.1987). As recently revised, the Administrative Procedure Act defines a final order *1378 as "a written final decision which results from a proceeding under s. 120.56, s. 120.565, s. 120.569, s. 120.57, s. 120.573, or s. 120.574 which is not a rule, and which is not excepted from the definition of a rule." § 120.52(7), Fla. Stat. (Supp.1996). Effecting a denial of retirement benefits, the dismissal affected the petitioner's substantial interests within the meaning of section 120.69, Florida Statutes (Supp.1996) and disposed of the case before the State Retirement Commission. That the Commission itself viewed its order of dismissal as final may be inferred from the notice of appellate rights included in the order, in accordance with the requirement now codified in section 120.569(1), Florida Statutes (Supp.1996).
The order to show cause is discharged.
ERVIN and KAHN, JJ., concur.