BENTON, J.
Earnest Mathis, Jr., appeals the denial of his petition for issuance of a computation of back pay form, which effectively denied his claim for back pay. In its order denying petition for issuance of PERC Form 18, the Public Employees Relations Commission (PERC) cited as its only authority a prior order in the same case, which had set a deadline for filing such a petition. The order under review denied the petition solely because it was not filed before the deadline. Concluding PERC lacks authority to impose what amounts to a sanction of dismissal for missing the deadline, we reverse and remand for further proceedings.
The present case stems from an attempt by the Department of Corrections (DOC) to terminate Mr. Mathis’s employment at DOC. As a career service employee, Mr. Mathis contested the proposed termination by timely filing a notice of appeal with PERC as authorized by section 447.207(8), Florida Statutes (1995). Ensuing proceedings at PERC led to entry of an order on February 6, 1996. In this order, PERC reduced or “mitigated” the termination to a sixty-day suspension, ordered DOC to reinstate Mr. Mathis, and determined that he was entitled to back pay[1] for the time — except for the initial sixty days — he was out of work.
The PERC order did not, however, set the amount of back pay, providing instead:
If informal efforts to determine the amount of back pay prove unsuccessful, either party may petition the Commission to direct issuance of a back pay statement (PERC Form 18) pursuant to Florida Administrative Code Rule 38D-21.010. A petition must be received by the Commission within thirty days from the date of this order or the case will be closed. If, during this thirty-day period settlement appears likely, the parties may move for one extension up to an additional thirty-day period. If a petition is not received within that additional thirty-day period, the case will be closed. In the event this order is ap *391 pealed and affirmed, the time for requesting issuance of a back pay statement shall run from the date of the court’s mandate.
The order[2] was in fact appealed and affirmed.[3] See Florida Dep’t of Corrections v. Mathis, 695 So.2d 703 (Fla. 1st DCA 1997).
After the mandate issued on June 12,1997, Mr. Mathis returned to work at DOC, and the amount of back pay due him became the subject of negotiations. Calculating the wages DOC would have paid him if he had worked at DOC without interruption was relatively straightforward. But DOC proposed to set off putative earnings from other sources. When negotiations foundered, Mr. Mathis filed the petition for issuance of a computation of back pay form, on September 15, 1997. PERC denied the petition as late. From denial of that petition the present appeal is taken.
Rather than setting the back pay issue for hearing, PERC, in effect, dismissed the claim for back pay for failure to comply with an order whose sole purpose seems to have been case management. Mere neglect or inadvertence in complying even with court orders essential to a fair hearing is rarely enough to justify dismissal. See Commonwealth Fed. Sav. and Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). We have discovered, moreover, no statute or rule authorizing PERC to deny the petition for issuance of a computation of back pay form.[4]
Under a statute governing proceedings at PERC, when confronted with certain “misbehavior,” PERC
shall certify the facts to the circuit court having jurisdiction in the county where the proceeding is taking place, which shall thereupon in a summary manner hear the evidence as to the acts complained of and, if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process or order of, or in the presence of, the court.
§ 447.207(3), Fla. Stat. (1995). Even in such circumstances, the statute does not authorize dismissal of the miscreant’s claims.
Importantly, this is not a case where a party failed to respond to an order to show cause. Nor did Mr. Mathis fail to act within a time prescribed by statute or rule. Statutes and rules do sometimes impose deadlines that are absolute or nearly so. See generally Vantage Healthcare Corp. v. AHCA, 687 So.2d 306 (Fla. 1st DCA 1997); Department of Ins. and Treasurer v. Administrators Corp., 603 So.2d 1359, 1361 (Fla. 1st DCA 1992) (accepting the argument that failure to comply with rule and statutory time limits for responding to fee petitions resulted in waiving the “right to raise any defense, and by implication, admitted the allegations contained in the fee petitions”). But see Machules v. Department of Admin., 523 So.2d 1132 (Fla.1988) (holding equitable tolling may expand time); Hamilton County Bd. of County Comm'rs v. State, Dep’t of Envtl. *392 Regulation, 587 So.2d 1378, 1390 (Fla. 1st DCA 1991) (holding that, like judges in civil court proceedings, hearing officers of the Division of Administrative Hearings have discretion to extend time limits for filing responsive pleadings); Puckett Oil Co., 577 So.2d at 991 (same). But here no statute or rule[5] dictated denial of Mr. Mathis’s petition.
Neither are we concerned here with a party who has failed to take advantage of a point of entry to initiate formal administrative proceedings in a timely fashion. Cf. Lamar Adver. Co. v. Department of Transp., 523 So.2d 712 (Fla. 1st DCA 1988); Woodard v. Florida State Univ., 518 So.2d 336 (Fla. 1st DCA 1987); Shalom Manor, Inc. v. Department of Health and Rehabilitative Servs., 497 So.2d 740 (Fla. 4th DCA 1986); Xerox Corp. v. Florida Dep’t of Prof'l Regulation, 489 So.2d 1230 (Fla. 1st DCA 1986). The petition PERC denied did not seek to initiate a new proceeding.[6]
Mr. Mathis’s petition sought resolution of an as yet unresolved issue that was properly before PERC by virtue of the administrative appeal he had duly instituted. Section 447.208(3)(e), Florida Statutes (1995), provides: “Any order of the commission issued pursuant to this subsection may include back pay, if applicable....” Mr. Mathis sought closure, not a point of entry.[7]
PERC terminated an ongoing case as a sanction for missing a deadline not unlike deadlines discovery orders sometimes lay down. Entering the order in the present case cannot, however, fairly be characterized as furthering discovery[8] “by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure.” § 120.569(2)(d), Fla. Stat. (1997). The order under review was not, moreover, entered by an administrative law judge[9] or, indeed, by any “presiding officer.”
*393 Even when authorized by statute or rule, dismissal is an extreme sanction “appropriate ... only in the most exceptional cases.” See A Professional Nurse, Inc. v. State, Dep’t of Health and Rehabilitative Servs., 519 So.2d 1061, 1064 (Fla. 1st DCA 1988) (deeming prohibition against presenting evidence (because of discovery violation) “as severe as dismissal”). PERC’s denial of Mr. Mathis’s petition had the effect of dismissal because, if permitted to stand, the order would end the case, without any consideration of the merits of the claim.
Whether circuit judge, administrative law judge, judge of compensation claims, or — when authorized — hearing officer enters the order, findings of willful noncompliance are almost always a prerequisite for dismissing a claim for disobedience of a prior order. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990); Clark v. Lake City Police Dep’t, 24 Fla. L. Weekly D166, D166, 723 So.2d 901 (Fla. 1st DCA 1999); Henderson v. Singletary, 23 Fla. L. Weekly D2524, — So.2d -, 1998 WL 821847 (Fla. 1st DCA 1998); Hanna v. Industrial Labor Serv., 636 So.2d 773, 776 (Fla. 1st DCA 1994); Carr v. Dean Steel Bldgs., Inc., 619 So.2d 392 (Fla. 1st DCA 1993); Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986). The order under review contains no such findings.
We do not condone Mr. Mathis’s failure to file within thirty days of the mandate, as ordered. But the record in no way suggests willful disregard of PERC’s order. Some sixteen months after the order establishing DOC’s liability for back pay was entered, Mr. Mathis may well have ' forgotten the long dormant, contingent deadline the order contains. We also note correspondence of record reflecting efforts in apparent good faith to settle with DOC. Nor is there any suggestion of prejudice to DOC. See D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987). PERC had no authority to deny Mr. Mathis any back pay simply because he failed to meet the deadline.
Reversed and remanded.
PADOVANÓ, J., CONCURS.
BOOTH, J., SPECIALLY CONCURRING IN RESULT ONLY. «

. We express no opinion on the availability of enforcement proceedings under sections 120.69 and 447.5035, Florida Statutes (1997), and Florida Administrative Code Rule 38D-21.010(1) ("[Ajfter enforcement of ... an order by court decree ... any party may petition [PERC] to direct issuance of a Computation of Back Pay.”).

. Because the order of February 6, 1996, decided entitlement to back pay while leaving open the amount, the order was interlocutory in nature, its title notwithstanding. See Hill v. Division of Retirement, 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) (“[An administrative order’s] finality depends on whether it has brought the administrative adjudicative process to a close.”); Braddon v. Doran Jason Co., 453 So.2d 66, 66 (Fla. 3d DCA 1983). PERC simply bifurcated the proceeding. See Florida Leisure Acquisition Corp. v. Florida Comm’n on Human Relations, 639 So.2d 1028, 1028 (Fla. 5th DCA 1994) (holding that litigating the issues of liability and damages in separate administrative proceedings rendered the order resolving liability interlocutory). The order of February 6, 1996, did not bring quasi-judicial labor to an end. See Hill, 687 So.2d at 1377; Braddon, 453 So.2d at 66.

. Affirming per curiam without opinion, the court did not discuss the question of its jurisdiction. Cf. Florida Leisure Acquisition, 639 So.2d at 1028.

. Unless created constitutionally, "[ajdministra-tive agencies are creatures of statute and have only such powers as statutes confer. State ex rel. Greenb[e]rg v. Florida State Board of Dentistry, 297 So.2d 628, 634 (Fla. 1st DCA 1974).” Fiat Motors of N. Am. v. Calvin, 356 So.2d 908, 909 (Fla. 1st DCA 1978). They do not have inherent power to sanction parties by dismissing their claims. See State, Dep’t of Envtl. Regulation v. Puckett Oil Co., Inc., 577 So.2d 988, 992 (Fla. 1st DCA 1991) ("power must be expressly delegated by statute”).

. We decline to reach appellant's contention that PERC relied on an unpromulgated rule because this argument was made for the first time in the reply brief. See, e.g., General Mortgage Assocs. v. Campolo Realty & Mortgage Corp., 678 So.2d 431, 431 (Fla. 3d DCA 1996); J.A.B. Enters. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992).

. As explained, ante n. 2, PERC’s order determining DOC liable for back pay was interlocutory.

. Time limits for initiating administrative adjudicatory proceedings are strictly observed in order to give what would otherwise be tentative or "free form” administrative decisions finality. See RHPC, Inc. v. Department of Health and Rehabilitative Servs., 509 So.2d 1267, 1268 (Fla. 1st DCA 1987) ("HRS has no jurisdiction to allow an untimely appeal of final agency action. See Upjohn Healthcare Services, Inc. v. Dept. of Health and Rehabilitative Seivices, 471 So.2d 595, 596 (Fla. 1st DCA), pet. for review dismissed, 475 So.2d 696 (Fla.1985). Accord City of Jacksonville v. St. Johns Bluff Utility Co., Inc., 480 So.2d 130 (Fla. 1st DCA 1985), review dismissed, 488 So.2d 538 (Fla.1986).”). These considerations do not come into play here, however, where an administrative adjudicatory proceeding had already begun.
Nor is this a case where dismissal, authorized on independent grounds, has been ordered with leave to file an amended pleading by a time certain. In such cases, dismissal occurs, not as a sanction, but because of some deficiency in the pleading itself. In administrative proceedings, dismissal of an initial petition with leave to amend creates in effect a second point of entry. A petitioner must take advantage of this "second chance” in order to initiate administrative proceedings effectively. That failing, the dismissal in such a case flows from the inadequacy of the initial petition. A subsequent failure to file an amended petition is equivalent to missing the point of entry in the first instance. The present case is very different. The adequacy of the initial petition has never been questioned.

. Where no lesser sanction will suffice, see generally Dominguez v. Wolfe, 524 So.2d 1101 (Fla. 3d DCA 1988) (affirming dismissal for failure to comply with discovery order), an administrative law judge may dismiss a pleading as a sanction for a discovery violation. See A Professional Nurse, Inc. v. State, Department of Health and Rehabilitative Servs., 519 So.2d 1061 (Fla. 1st DCA 1988). We have rejected the suggestion that hearing officers of the Division of Administrative Hearings lack authority to dismiss a claim as a sanction for a discovery violation, when circumstances warrant. See id.
Citing intervening legislation, the court in A Professional Nurse repudiated the contrary view earlier expressed in Great American Banks, Inc. v. Division of Administrative Hearings, 412 So.2d 373 (Fla. 1st DCA 1981), and Hillsborough County Hospital Authority v. Tampa Heart Institute, 472 So.2d 748 (Fla. 2d DCA 1985). Chapter 84-173, Laws of Florida (1984), now codified as section 120.569(2)(d), Florida Statutes (1997), amended former section 120.58 to grant hearing officers explicit authority to impose all sanctions except contempt in order to effect discovery.

. A PERC hearing officer presided at the eviden-tiary hearing below. “Administrative law judges *393 need not preside in career service cases, disputes of material fact notwithstanding. § 120.80(12)(a), Fla. Stat. (Supp.1996). Even so, the Administrative Procedure Act applies to career service proceedings before PERC.” Roberts v. Department of Corrections, 690 So.2d 1383, 1383 (Fla. 1st DCA 1997).
But PERC lacks statutory authority for rules that authorize sanctions. There is no statute pertaining to PERC comparable to section 120.65(9), Florida Statutes (1997), which provides:
Rules promulgated by the division [of administrative hearings] may authorize any reasonable sanctions except contempt for violation of the rules of tire division or failure to comply with a reasonable order issued by an administrative law judge, which is not under judicial review.
PERC does not, in any event, rely on any rule or statute in the present case as authority for denying the petition for issuance of a computation of back pay form. , • ,