980 So.2d 606 (2008)
STATE of Florida, DEPARTMENT OF CORRECTIONS, Petitioner,
v.
Julius G. SMITH, Respondent.
No. 1D07-6043.
District Court of Appeal of Florida, First District.
May 5, 2008.
*607 Scott Shevenell, Assistant General Counsel, Department of Corrections, Tallahassee, for Petitioner.
Carlos R. Lopez, Public Employees Relations Commission, Tallahassee; and Leonard S. Magid of Magid & Williams, P.A., Jacksonville, for Respondent.
PER CURIAM.
Petitioner filed a petition for a writ of mandamus, which this Court treats as a petition to review nonfinal agency action pursuant to section 120.68(1), Florida Statutes.
Petitioner terminated Smith's employment for alleged conduct unbecoming of a public employee and willful violation of state statutes, rules and regulations. Smith sought review with the Public Employees Relations Commission (PERC). The hearing officer issued a recommended order concluding that Petitioner had cause to discipline Smith, but recommending that the dismissal be mitigated by demoting him and imposing a 60-day suspension without pay. Petitioner filed an exception to the hearing officer's mitigation recommendation. On September 18, 2006, PERC issued a final order adopting the hearing officer's findings of fact, but rejecting his mitigation recommendation. PERC dismissed Smith's appeal. On July 24, 2007, this Court vacated the final order and remanded for further proceedings. Smith v. Fla. Dep't of Corr., 961 So.2d 1050 (Fla. 1st DCA 2007).
On remand, PERC issued an order dated August 23, 2007, in which it reduced the disciplinary action against Smith to a 60-day suspension without pay and ordered Petitioner to reinstate him as a correctional officer. PERC also found that back pay should commence from 6/20/06. The order states:
The Agency is ordered to reinstate Smith as a correctional officer. Thus, this career service appeal is CLOSED.
This is not an appealable final order because the amount of back pay remains to be determined. See Dept. of Corrections v. Chesnut, 847 So.2d 575 (Fla. 1st DCA 2003). As the hearing officer stated, back pay should commence on the first normally scheduled work day on or after June 20, 2006, and continue until reinstatement. The Agency is directed to provide Smith with back pay and benefits as a correctional officer for the period after his sixty calendar day suspension, *608 less any compensation and earnings which he would not have received had he not been dismissed. The back pay award shall include interest at the lawful rate.
If informal efforts to obtain satisfactory payment prove unsuccessful, either party may file with the Commission a back pay statement (PERC Form 18). PERC Form 18 must be received by the Commission within thirty days from the date of this order. Upon receipt, or at the end of the thirty days, the Commission will open a back pay case. When back pay is resolved, the Commission will issue a final order that will allow either party to appeal the merits of the career service case or the amount of back pay.
On November 16, 2007, Petitioner filed with PERC a Motion for Back Pay Hearing. Petitioner asserted it needed an order on back pay so it could commence the appeal process. Petitioner argued that reinstating Smith before it had the chance to exercise its appellate rights would be contrary to the purpose of the appeal. Petitioner asserted that the agency and Smith had agreed to November 16, 2007, as a date certain in which to calculate the present back pay amount. Petitioner stated in the motion: "Should the Agency lose its appeal, the Agency and the employee agree that the employee would be entitled to a second back pay hearing to determine a back pay amount from November 16, 2007, until the employee is placed back to work pursuant to a mandate from the District Court of Appeal. The Agency and the Employee would stipulate to PERC reserving jurisdiction for the limited purpose of determining a back pay amount at a second back pay hearing if necessary. The parties alternatively agree to resolve the second back pay issue in a mutually agreeable forum pursuant to PERC rules and case law." The hearing officer issued an order denying the motion, stating: "While I am sympathetic to the Agency's argument, I must apply the clear precedent from the District Court. Those cases indicate that an administrative order is not final and appealable until all work on the case, except attorney's fees, is finished. Thus, a partial award would not make the underlying order of reinstatement any more appealable than it already is."
PERC denied Smith's interlocutory appeal. On November 27, 2007, Smith filed a complaint in circuit court seeking enforcement of the reinstatement order. On November 28, 2007, the hearing officer issued an order staying the case due to the pending petition in circuit court. Also on November 28, 2007, Petitioner filed a petition for writ of mandamus in this court. The petition is treated as a petition for review of nonfinal administrative action pursuant to section 120.68(1), Florida Statutes.
The parties unanimously agree that decisions of this Court render the August 23, 2007, PERC order nonfinal. The parties cite to Mathis v. Florida Department of Corrections, 726 So.2d 389 (Fla. 1st DCA 1999); Florida Department of Corrections v. Saulter, 751 So.2d 163 (Fla. 1st DCA 2000); and Florida Department of Corrections v. Chesnut, 847 So.2d 575 (Fla. 1st DCA 2003).
In Mathis, 726 So.2d 389 (Fla. 1st DCA 1999), Mathis appealed the denial of his petition for issuance of a computation of back pay form, which effectively denied his claim for back pay. PERC had previously reduced or "mitigated" Mathis' termination to a 60-day suspension, ordered his reinstatement, and determined that he was entitled to back pay for the time  except for the initial 60 days  he was out of work. The PERC order did not, however, set the amount of back pay, providing instead that if informal efforts to determine the amount *609 of back pay proved unsuccessful, either party could petition the Commission to direct issuance of a back pay statement (PERC Form 18) pursuant to Florida Administrative Code Rule 38D-21.010. The order stated that such a petition must be received by the Commission within 30 days from the date of the order or the case would be closed. In the event the order was appealed and affirmed, the order stated that the time for requesting issuance of a back pay statement would run from the date of the court's mandate.
The order was in fact appealed and affirmed. After the mandate issued, Mathis returned to work for the agency, and the amount of back pay due to him became the subject of negotiations. When negotiations foundered, Mathis filed a petition for issuance of a computation of back pay form. PERC denied the petition as late. Mathis appealed. This court reversed, determining that PERC, in effect, dismissed the claim for back pay for failure to comply with an order whose sole purpose seems to have been case management and that PERC had no authority to deny Mr. Mathis any back pay simply because he failed to meet the deadline. The Court, in a footnote in the Mathis decision, stated: "Because the order of February 6, 1996, decided entitlement to back pay while leaving open the amount, the order was interlocutory in nature, its title notwithstanding." 726 So.2d at 391.
In Department of Corrections v. Saulter, 751 So.2d 163 (Fla. 1st DCA 2000), the decision stated in its entirety:
Having considered appellant's response to the court's show cause order, the appeal is dismissed for lack of jurisdiction. See Mathis v. Florida Department of Corrections, 726 So.2d 389 (Fla. 1st DCA 1999)(stating that an order that determines entitlement to back-pay, but leaves open the amount due is interlocutory in nature). The dismissal is without prejudice to file a notice of appeal when a final order is rendered.
The Saulter decision has been cited only twice  in a civil case and in Chesnut.
The decision in Chesnut, in its entirety, states:
Upon consideration of the appellant's response to the Court's order of April 14, 2003, as well as the response filed by the Public Employees Relations Commission, the Court has determined that the order is not a final appealable order. See Dep't of Corrections v. Saulter, 751 So.2d 163 (Fla. 1st DCA 2000); see also Mathis v. Dep't of Corrections, 726 So.2d 389 (Fla. 1st DCA 1999). Accordingly, the appeal is dismissed for lack of jurisdiction.
The Chesnut decision has not been cited in any subsequent opinion.
We note, first, that the decisions in Saulter and Chesnut contain no facts and therefore do not reflect why the Court treated those orders as nonfinal, non-appealable orders. Accordingly, the reliance by all parties on these decisions for the conclusion that the August 23, 2007, PERC order was nonfinal is misplaced.
The language in the footnote in Mathis was dicta. The jurisdiction of the Court to render the initial decision in Mathis was not at issue. We also note that the Court in the Mathis footnote stated the initial order was interlocutory, but did not state that the initial order was not an appealable order. Section 120.68(1), Florida Statutes (2007), provides: "A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an *610 adequate remedy." The reliance by all parties on Mathis for the conclusion that no review could be sought of the August 23, 2007, PERC order until a firm dollar figure for back pay was set by PERC was not, however, without some basis.
We conclude, however, that the August 23, 2007, PERC order was a final, appealable order. The order specifically stated that "back pay should commence on the first normally scheduled work day on or after June 20, 2006, and continue until reinstatement. The Agency is directed to provide Smith with back pay and benefits as a correctional officer for the period after his 60-calendar-day suspension, less any compensation and earnings which he would not have received had he not been dismissed. The back pay award shall include interest at the lawful rate."
Accordingly, the Petitioner's November 28, 2007, petition is hereby treated as a notice of appeal and the case is hereby redesignated as an appeal of a final order. Counsel for Petitioner shall ensure preparation and transmittal of the record within 30 days of this date, and time for service of the initial brief is extended to 30 days thereafter.
BARFIELD, POLSTON, and ROBERTS, JJ., concur.