PER CURIAM.
 

 Appellant brought this timely appeal from a “Final Order Awarding Affirmative Relief from an Unlawful Employment Practice” issued by the Commission on Human Relations. However, we lack jurisdiction to review the administrative order because it is not appealable final agency action.
 
 See Hill v. Div. Of Retirement,
 
 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) (holding the finality of an administrative order depends on whether the case is disposed of by the order).
 

 In its order, the Commission on Human Relations determined liability in favor of appellee and directed appellant to cease
 
 *1273
 
 and desist from its unlawful employment practices. Additionally, appellant was ordered to pay appellee’s reasonable attorney’s fees and costs and to remit back pay to appellee in a specific dollar amount “for each normal 40-hour week between September 5, 2006, and the date of this final order, offset by earnings from substitute employment, if any.” However, the Commission reserved jurisdiction over, among other matters, the amounts of back pay and interest to be awarded. The parties were directed to either submit a joint stipulation of settlement or file a notice of failure of settlement, after which the case would be remanded to the administrative law judge for a determination on the specific amount of back pay due. Therefore, it is clear that the Commission has not disposed of the case or brought an end to the administrative proceedings.
 

 Appellant does not contend that the order on appeal is final agency action but, instead, argues the order should be deemed final because it is final in most respects.
 
 See McGurn v. Scott,
 
 596 So.2d 1042 (Fla.1992). Specifically, the order is styled as a final order, it determined liability, “and, at least initially, it instructs the parties to reach an agreement on what the appropriate remedy should be.” Additionally, appellant asserts that the formula provided in the order for calculating the amount of back pay renders this issue similar to a calculation of prejudgment interest, the pendency of which was not enough to prevent the order on appeal in
 
 McGum
 
 from being deemed final.
 

 However, contrary to appellant’s assertion, the order on appeal is not final in most respects. Most significantly, unlike the order in
 
 McGum,
 
 the order here does not afford appellee the right to execute against appellant’s property. Therefore, the instant order does not place appellant in a “procedural quandary” similar to that faced by McGurn.
 
 Cf. McGurn,
 
 596 So.2d at 1044. Consequently, we need not take the extraordinary action of deeming the order final, which would also require that we deem as waived by the parties any matter reserved for future adjudication under the ineffective reservation of jurisdiction.
 
 Id.,
 
 596 So.2d at 1045. Because the order does not appear in most respects to be a final order, the order is not deemed final.
 
 See Abifaraj v. Fla. Birth-Related Neurological Injury Compensation Ass’n,
 
 844 So.2d 751 (Fla. 1st DCA 2003).
 

 We deny as moot “Appellee’s Motion Under Rule 9.600(b),” served on June 11, 2010; “Appellee’s Motion to Dismiss the Appeal,” served on July 14, 2010; and “Appellant’s Motion for the Court to Proceed with a Determination of the Instant Appeal,” served on September 17, 2010.
 

 The appeal is hereby DISMISSED.
 

 WEBSTER, DAVIS, and VAN NORTWICK, JJ„ concur.