ORDER GRANTING MOTION FOR RECONSIDERATION
PER CURIAM.
The Department of Corrections (DOC) has asked us to reconsider our order dismissing the appeal it took from an order deciding that five DOC employees were entitled to reinstatement and back pay. The Public Employees Relations Commission (PERC) entered a single order on June 3, 2011, in five cases that PERC had consolidated for disposition, Nos. CS-2010-255, CS-2010-265, CS-2010-266, CS-2010-267 and CS-2010-269. In the June 3, 2011 order, PERC ordered reinstatement and back pay for all five without determining the amount of back pay due any of them.
We entered the order dismissing the appeal from PERC’s June 3, 2011 order on overwhelming (if not wholly consistent) authority. See Mathis v. Fla. Dep’t of Corr., 726 So.2d 389, 391 n. 2 (Fla. 1st DCA 1999). See also SSA Sec. Inc. v. Pierre, 44 So.3d 1272, 1273 (Fla. 1st DCA 2010) (holding order of the Florida Commission on Human Relations which determined liability in favor of appellee and ordered appellant to remit back pay, but reserved jurisdiction over the amount of back pay to be awarded, was not appeal-able final agency action, rejecting the argument that the formula provided in the order for calculating the amount of back pay rendered the issue similar to a calculation of prejudgment interest); Lazy Days’ RV Ctr., Inc. v. Shepley, 929 So.2d 639, 639-40 (Fla. 1st DCA 2006) (dismissing for lack of jurisdiction, with citation to Mathis ); Dep’t of Corr. v. Saulter, 751 So.2d 163 (Fla. 1st DCA 2000) (dismissing for lack of jurisdiction, with citation to Mathis ); Hill v. Div. of Ret., 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) (“[An administrative order’s] finality depends on whether it has brought the administrative adjudicative process to a close.”). Cf. Baron v. Provencial, 908 So.2d 526, 527 (Fla. 4th DCA 2005) (holding that a trial court order which only “gave the parties some big picture guidance concerning the expenses the seller was entitled to recover and asked the parties to work out the details” was non-final because “judgments that leave an element of damages to be determined later are not final orders”); Abifaraj v. Fla. Birth-Related Neurological Injury Comp. Ass’n, 844 So.2d 751, 752-53 (Fla. 1st DCA 2003) (concluding an administrative order which determined the appellant’s claim was compensable under the Florida Birth-Related Neurological Injury Compensation Plan, ordered the payment of previously incurred expenses, and accorded a lump sum award of $100,000, but which did not make findings as to the amount of the previously incurred expenses which the appellee was ordered to pay, was not an appealable final order because actual expenses which arose from the compensable injury were not an ancillary or collateral issue like attorney’s fees and costs); Fla. Leisure Acquisition Corp. v. Fla. Comm’n on Human Relations, 639 So.2d 1028, 1028-29 (Fla. 5th DCA 1994) (rejecting argument that, when liability and damages aspects of the case were bifurcated pursuant to stipulation of the parties, Florida Leisure would be deprived of an adequate remedy if appellate review were delayed until after entry of a final order determining all issues). But see *1004 State, Dep’t of Corr. v. Smith, 980 So.2d 606 (Fla. 1st DCA 2008). Our view was and remains that an order deciding entitlement to, but not the amount of, back pay is not a final, appealable order.
We were, however, unaware that — as DOC now advises us in the present motion for reconsideration — PERC had “issued orders regarding the exact amount of back pay due to each of the employees.” PERC entered five separate orders in new administrative dockets[1] corresponding to the five consolidated cases in which PERC originally entered its June 3, 2011 order, viz., BP-2011-007 (entered October 5, 2011, related to CS-2010-255), BP-2011-005 (entered October 31, 2011, related to CS-2010-265), BP-2011-003 (entered October 14, 2011, related to CS-2010-266), BP-2011-004 (entered October 18, 2011, related to CS-2010-267), and BP-2011-006 (entered November 22, 2011, related to CS-2010-269). No notice of appeal was ever filed naming any one of these five orders.
We now hold that the notice of appeal filed on June 20, 2011, purportedly as to the June 3, 2011 order, should be deemed to have been filed prematurely, but effectively, as to each of the final orders determining the amounts of back pay DOC owes its employees.[2] The finality of the later PERC orders is not in question. Florida Rule of Appellate Procedure 9.110(í) “allows a premature notice of appeal to vest jurisdiction in the appellate court when a final order is rendered before dismissal of the appeal.” State v. S.S., 8 So.3d 425, 426 (Fla. 2d DCA 2009). See also Thomas v. Suwannee Cnty., 734 So.2d 492, 497 (Fla. 1st DCA 1999) (“Only if the appeal remains premature when the court decides the question of its jurisdiction is dismissal appropriate.”); Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA *1005 1995) (same).[3] Since PERC issued final orders before dismissal of the premature appeal,[4] the prematurely filed notice of appeal became effective and conferred jurisdiction when PERC entered its final orders. Accordingly, we grant the motion to reconsider the order dismissing. As to all five employees’ cases, we will consider and decide the merits of DOC’s appeal in due course at a later time.
BENTON, C.J., DAVIS, and MARSTILLER, JJ., concur.

. PERC read State, Department of Corrections v. Smith, 980 So.2d 606 (Fla. 1st DCA 2008), as authorizing or requiring the opening of new cases in order to decide the exact amount of back pay. But we do not read the Smith case-whose viability is problematic in light of conflicting precedent to the contrary-in the same way.

. The failure of a notice of appeal to name the "correct” appealable order need not be fatal to perfecting the appeal. The Third District, in Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981), denied a motion to dismiss the appeal on grounds the notice of appeal stated that the appellants sought review of a non-final, non-appealable order denying post-trial motions, rather than the final judgments that had been entered against them. Saying the pertinent issue was whether there was a manifest intent to prosecute an appeal, the court concluded it was plain on the face of the notice of appeal the appellants possessed such an intent:
Under the present circumstances, in which the only appealable orders are the existing final judgments — and the ones stated in the notice are not appealable at all — the only way in which the intent to appeal, that is, to secure appellate review, may be effectuated is to treat the notice as referring to those judgments. Put somewhat differently, so long as a notice is (a) timely filed in the correct court — thus satisfying the only discernible jurisdictional prerequisites, (b) has sufficient information to identify the appealing and opposing parties and (c) states a desire to appeal, it must be deemed directed to the reviewable order, so that that desire may be satisfied. This view is in full accord with the essential basis of the supreme court's decision in [State ex rel. Poe v. Allen, 196 So.2d 745, 746 (Fla.1967)] that [t]he significant factors fully delineated in the earlier cited opinions and present in the case sub judice are proper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice....
Id. at 680-81 (footnotes omitted).

. Florida Rule of Appellate Procedure 9.110(Z) provides, in its entirety: If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.

. We have relinquished jurisdiction under Florida Rule of Appellate Procedure 9.110(1) "when it appears that the jurisdictional defect in the order on appeal is technical in nature and merely requires an amended order clarifying that all of the issues between the parties had been finally resolved.” Demont v. Demont, 24 So.3d 699, 700 (Fla. 1st DCA 2009). But the ordinary result is “dismissal of the appeal at the time this court is called upon to resolve the jurisdictional issue unless a final order has been rendered by the trial court in the interim.” Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995). See Demont, 24 So.3d at 700 (declining to abate appeal in lieu of dismissal when "an indeterminate amount of judicial labor, possibly requiring another hearing, remains to be done before a final order can be entered”).